410 So.2d 255 (1982)
STATE of Louisiana In the Interest of Kellie DRISCOLL, a minor.
No. 12240.
Court of Appeal of Louisiana, Fourth Circuit.
January 14, 1982.
*256 William C. Credo, III, Asst. Dist. Atty., Gretna, for State of louisiana.
Wiley J. Beevers, Metairie, for Kellie Driscoll.
George C. Ehmig, Gretna, for defendants-appellants.
Before BOUTALL, CHEHARDY and KLIEBERT, JJ.
KLIEBERT, Judge.
Based on a child abuse report, the State, with consent of the parents, obtained custody of the juvenile, Kellie Driscoll, for her care and treatment. When the parents failed to abide by the voluntary agreement, in accordance with the provisions of R.S. 14:403 et seq., first a preliminary hearing was held and temporary custody was granted to the State and thereafter, the District Attorney's office filed a petition requesting the juvenile court to take formal jurisdiction and declare the child to be an abused child in need of care and, accordingly, issue such orders as it deemed necessary for the welfare of the child. The parents and child were informed of their Miranda rights and an attorney appointed to represent the child.
The hearing on the District Attorney's petition was held in September, 1980. The juvenile judge (having been informed of the situation by affidavits and reports) determined that the child had a genuine fear of her father; hence, in the best interest of the child, conducted an "in camera" examination of the child out of the presence of her parents. The "in camera" examination was made part of the record before us. Comparing it to the subsequent testimony of the social worker and the statements by the court, it is apparent the parents were fully informed as to the statements and testimony of the child. Evaluation reports were submitted by Dr. Culver, M.D., Psychiatrist, and by Dr. Klein, Ph.D., Psychologist. At the hearing, the State also showed the parents had refused to subject themselves to the psychiatric treatment ordered by the court at the earlier preliminary hearing. During the hearing the court made the observation that the father had elected to appear at the hearing without an attorney because he had spoken to two of them and for the reasons they gave him, he decided not to hire an attorney. In a colloquy between the trial judge and the child's father, *257 the father stated he did not obtain an attorney because he could not afford one and was unaware he could have requested assistance from legal aide. Although there was no particular inquiry into the family finances, the record shows the father exhibited diamond rings which he testified were fully paid for and also testified to owning a large boat.
On conclusion of the hearing, the juvenile judge made the following observation: "The psychiatrist says `..., she (the juvenile) can best be described as having a psycho-neurotic disorder with depression, and obsessive sexual concerns relative to the circumstances of living with her father. The sexual preoccupation could lead to sexual deviancy.' ... the psychiatrist and the psychologist also said to this, `this girl is living in a quasi-incestuous relationship with her father.' Incest is not going on here. It's almost like going on.' ... I feel that she's a victim of abuse and neglect, emotional, moral, physical, sexual. Not sexual in that you had incest with the girl, but in the sleeping arrangements you (father) permitted."
Accordingly, the trial judge concluded the child was an abused child and in need of care and, therefore, continued the previous temporary custody order which required psychiatric treatment for the child and parents and ordered a review of the case in six months.
The parents employed an attorney and filed this appeal, urging the reversal of the juvenile court's order because they were deprived of their constitutional right to the confrontation and cross-examination of the child and due to the failure of the State to appoint an attorney for them.
The attorney for the child filed a brief urging the better interest of the child requires the continued maintenance of the trial court's order. The District Attorney's office, in its brief and oral argument, urged the right of the trial court to proceed "in camera" under the circumstances of this case and further argued that the State was not required to furnish an attorney to the parents.
The record before us fully supports the trial judge's finding that the juvenile was an abused child in need of care. The parents created an environment which was counter productive to the normal growth of the child's mental and emotional well-being. Damage to the child's well-being cried out for correction. Further, the child had justifiable reasons for and had a genuine fear of her father. Under those circumstances, the trial judge acted properly in conducting the "in camera" examination of the child. The parents were not prejudiced or burdened with an undue hardship. They were well informed of the child's statements and the testimony and given ample opportunity to introduce contradictory evidence.
We now consider the parents' contention as to the failure of the State to furnish them with an attorney. In his brief, counsel for the parents contends the trial judge granted permanent custody of the child to the State and placed her up for adoption. A thorough search of the record does not reveal any such action by the court. The actions involved here were neither a quasi-criminal nor a criminal proceeding. Pure and simple, it involved the suffering and endurance of emotional stress and anxiety by a child in an environment created by her parents which required acknowledgment of wrong and treatment of the child and parents to correct it. Unless corrected, the child would sustain permanent injury.
In State of Louisiana, ex rel the minor, Linda Howard, 382 So.2d 194 (La. App., 2d Cir. 1980), in a circumstance where indigent parents requested but were refused appointed counsel by the trial court, the Second Circuit reversed the trial court, but maintained custody in the State pending another evidentiary hearing with appointed counsel. We agree with our brothers on the Second Circuit, that the interest of the parents in the custody and control of their children is an interest or right subject to constitutional protection. We also agree the State's interest in economy, efficiency *258 and informality in the conduct of juvenile proceedings must yield to the greater interest of society in preserving and protecting family units and parents should not be unfairly deprived of custody and control of their child. In child abuse and neglect proceedings, however, we believe the paramount interest must be the well-being and welfare of the child. In so believing, we are not unmindful of the fact that the care of the State cannot and never will be a substitute for the love and affection of loving parents.
In reaching its decision, the Second Circuit pointed out that in its review of decisions in other jurisdictions which reached the same result as they, some of these courts had held that the right to appointed counsel should be determined on a case by case basis.[1] Other courts have held that under a statute providing for the State to take custody for a reasonable time in an emergency threatening the welfare, health or safety of the child, it was not necessary to appoint counsel for the parents.[2] Additionally, we note the holdings of the United States Supreme Court in the recent case of Lassiter v. Department of Social Services of Durham County, North Carolina, 452 U.S. 18, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981). There the United States Supreme Court found it unnecessary to appoint counsel where the State was granted permanent custody because of the particular facts involved there.
Here, the father had led the court to believe he would obtain private counsel and never requested appointment of counsel. Further, there is some indication the father was not in fact an indigent and hence not entitled to appointment of counsel. Under the circumstances of this case, and since it had not proceeded to the point where the State sought to remove permanent custody of the child from the parents and the trial court ordered periodic review, the trial judge did not err in failing to appoint counsel for the parents. Accordingly, the trial judge's ruling is affirmed.
AFFIRMED.
NOTES
[1] Cleaver v. Wilcox, 499 F.2d 940 (U.S.Ct. of App. 9th Cir. 1974).
[2] State ex rel LeMaster v. Oakley, 203 S.E.2d 140 (W.Va.1974).