185 N.J. Super. 3 (1982)
447 A.2d 183
NEW JERSEY DIVISION OF YOUTH AND FAMILY SERVICES, PLAINTIFF-RESPONDENT,
v.
S.S., DEFENDANT-APPELLANT.
IN THE MATTER OF M.S., MINOR.
Superior Court of New Jersey, Appellate Division.
Submitted April 27, 1982.
Decided May 12, 1982.
*5 Before Judges MATTHEWS, PRESSLER and PETRELLA.
Stanley C. Van Ness, Public Defender, attorney for appellant (Jeffrey N. Greenman, designated counsel, on the brief).
Irwin I. Kimmelman, Attorney General of New Jersey, attorney for respondent (James R. Zazzali, former Attorney General of New Jersey; Erminie L. Conley, former Assistant Attorney General, of counsel and John J. Chernoski, Deputy Attorney General, on the brief).
A letter brief was submitted on behalf of M.S. by James H. Klein, law guardian (Stanley C. Van Ness, Public Advocate).
The opinion of the court was delivered by PETRELLA, J.A.D.
This appeal is from an order of the Juvenile and Domestic Relations Court of Camden County extending a temporary award of custody of defendant's 12-year-old child to the Division of Youth and Family Services (DYFS) for 18 months, subject to various provisions for therapy and restricting visitation by defendant mother in accordance with the directions of the therapist.
*6 The evidence in this case fully supported the trial judge's findings that M.S. was an abused and neglected child. There was also evidence to the effect that defendant was suffering from psychotic illness and that she had inflicted emotional harm upon her child.
Defendant objects to the somewhat novel procedure utilized by the judge for interviewing the child in view of charges of child abuse against defendant. Defendant argues that the trial judge erred by conducting an in camera interview of the child outside of her presence and that of her attorney, even though the interview was tape recorded and transmitted simultaneously through a microphone output on the recorder to counsel and defendant in the courtroom while the interview was occurring. Her argument is that her right of confrontation of witnesses was infringed. The judge and a deputy public defender from the Public Advocate's office, who was the "law guardian" for the minor, were present with the minor child in chambers during the interview. Under the procedure employed defendant's attorney was able to submit additional questions he wished the judge to ask.
The right of confrontation provided by the Sixth and Fourteenth Amendments to the United States Constitution, as well as by N.J.Const. (1947), Art. I, par. 10, provides an opportunity for cross-examination and allows the trier of fact to observe the demeanor and manner of testimony of the witness in order to assist in determining whether he is worthy of belief. See California v. Green, 399 U.S. 149, 157-159, 90 S.Ct. 1930, 1935, 26 L.Ed.2d 489, 496-497 (1970), and State v. King, 112 N.J. Super. 138, 141 (App.Div. 1970), aff'd o.b. 59 N.J. 525 (1971). Here, M.S.'s testimony was simultaneously heard by the judge in chambers and by defendant and counsel in the courtroom. The judge went out into the courtroom after he asked the questions of the child, solicited questions of counsel and then asked the questions of the child that were requested by counsel for defendant.
*7 We are satisfied that under the circumstances the procedure utilized was in the best interests of the child. It is evident from the record that the child was emotionally disturbed. The trial judge described him as "rigid." We conclude that the judge reasonably found that a certain degree of privacy would be more likely to elicit a genuine and reliable response from the child. We are satisfied that the trial judge acted reasonably in balancing the needs of the child for protection as against defendant's need to see her child when that child answered the judge's questions or answered questions submitted by the attorneys for cross-examination.
In a custody proceeding the judge has broad discretion to conduct a private examination of a child. Callen v. Gill, 7 N.J. 312, 319 (1951). Indeed, in a criminal case utilization of a procedure where a witness is present through electronic means such as closed circuit television rather than being physically present in court has been held not to violate the right of confrontation. See, e.g., Kansas City v. McCoy, 525 S.W.2d 336, 339 (Mo.Sup.Ct. 1975). The use of the tape recorder and voice transmission under these circumstances is an acceptable method of balancing the interests of the child and the rights of the parties while at the same time affording the trier of fact maximum opportunity to ascertain the truth by questioning the child and observing his demeanor.
Defendant also argues that the trial judge erred by allowing introduction of hearsay testimony. Such testimony consisted of statements by M.S. to detective Louis Hogue of the Gloucester Township Police Department and to Carolyn McNear, a social worker with DYFS, concerning how his mother had abused him. There is no merit to defendant's argument. R. 2:11-3(e)(2). In proceedings under N.J.S.A. 9:6-8.8 et seq. the primary interest is protection of the rights of the child. N.J.S.A. 9:6-8.46a(4) specifically provides that "previous statements made by the child relating to any allegations of abuse or neglect shall be admissible in evidence; provided, however, that no such *8 statement, if uncorroborated, shall be sufficient to make a finding of abuse or neglect."
It is also clear that there are recognized exceptions to the hearsay rule. See Evid.R. 63(1) to 63(32). Included within the ambit of those exceptions is the doctrine of "fresh complaint" which permits evidence that the victim complained of a proscribed act within a reasonable time after it occurred to someone whom he would normally turn to for sympathy, protection or advice. See State v. Balles, 47 N.J. 331, 338 (1966), cert. den. and app. dism. 388 U.S. 461, 87 S.Ct. 2120, 18 L.Ed.2d 1321 (1967). See, also, N.J. Rules of Evidence (Anno. 1980), Comment 2 to Evid.R. 63(4). We are of the opinion that that concept applies in a child abuse situation. Hence, the statements were clearly admissible either under the statute or as a "fresh complaint." In addition, the statements were obviously cumulative and their admission was nonprejudicial.
Affirmed.