INGRAM, Judge.
A hearing was held to determine the dependency of a minor child. The trial court ruled that certain out-of-court conversations between witnesses and a three-year-old child concerning allegations of sexual abuse were inadmissible hearsay. Thereafter, the court entered the following judgment:
“After hearing and considering the testimony and evidence presented, the court finds that the allegations of the Petition filed herein are not proven by admissible evidence, and the Court fails to find that the allegations of the Petition relating to alleged misconduct by the child’s father, Mark Barnes, have been proven to be true by competent and legally admissible evidence.”
The Department of Human Resources (Department) appeals, contending that the court should not have excluded the child’s out-of-court statements. We disagree.
At the outset, we note that we are aware of new legislation (signed by the Governor July 23, 1987), which would under certain circumstances allow a child’s out-of-court statements to be admissible in dependency cases. Ala.Code 1975, § 12-15-65(g). However, this new act applies only to conduct occurring after its effective date (September 21, 1987) and specifically states that “conduct occurring before the effective date of this act shall be governed by pre-existing law.”
Therefore, as we know of no exception to the hearsay rule under pre-existing law which would have allowed this evidence to be admitted, we cannot say the trial court erred in excluding it.
The Department also contends that the trial court excluded all of its evidence, both hearsay and nonhearsay, and therefore committed reversible error. We disagree.
The record in pertinent part indicates that the court recognized that the Department had offered testimony which it did not consider inadmissible hearsay. In fact, it stated that the only evidence that it did consider inadmissible was the out-of-court conversations between the witnesses and the minor child. Therefore, we find that the trial court did not exclude all of the evidence and properly considered the admissible evidence before it.
We would note that the Department has the burden in dependency cases to prove its case by clear and convincing evidence. Here, the trial court heard the evidence and had an opportunity to observe the witnesses and concluded that the Department had not met its burden. Under such circumstances, the trial court is presumed correct and its findings will not be set aside unless plainly and palpably wrong. Carter v. Jefferson County Dept, of Pensions & Security, 496 So.2d 66 (Ala. Civ.App.1986).
Suffice it to say that we have reviewed the record and, in view of the Department’s burden and the presumption accorded the trial court, we cannot say that the trial court erred.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., concurs.
HOLMES, J., concurs specially.