This is a child dependency case.
After a hearing to determine whether the four-year-old female child was dependent, the trial court dismissed the petition for dependency filed by the Department of Human Resources (Department) on the ground, as stated in its order, "that the facts alleged in the petition were not proven by clear and convincing evidence."
The Department appeals. We reverse and remand.
The issue in this case involves the admissibility of certain evidence in the sensitive context of proceedings to determine dependency based upon allegations of child sexual abuse.
The Department contends that the trial court erred when it excluded the entire testimony of two different witnesses who had testified with respect to the allegations of the sexual abuse of the minor child. We agree.
We would note that this is not the first time a case of this kind has come before our courts. In State Department of HumanResources v. Barnes, 515 So.2d 30 (Ala.Civ.App. 1987), we held that certain extrajudicial conversations between expert witnesses and a three-year-old child concerning allegations of sexual abuse were inadmissible hearsay. In that case we did not specifically address the question of whether an expert's opinion regarding child abuse, based upon factors other than conversations with a minor child, would also be inadmissible as hearsay evidence. We are so called to address that question in this case.
We are also urged by the Department to hold the trial court in error for its wholesale exclusion of the minor child's testimony as received in camera. Although the trial court did not give a reason for excluding the child's testimony, the parties have phrased the issue in terms of the child's competence as a witness and the propriety of an in camera
hearing over the objection of one of the parties. We will consider the issue in those terms.
The instant proceedings arose when the maternal great grandmother contacted the Department, alleging that the father in this case had sexually abused her great-granddaughter. Subsequently, the Department filed the following petition with the trial court:
 "The said child is Dependent, in that said child has told her mother of incidents where her father has fondled her during visits to his home. Said agency feels with these allegations of possible child sexual abuse, that overnight visitation with the natural father should cease and a thorough investigation be accomplished. It is further requested that temporary custody of said child be placed with said Limestone County Department of Human Resources and physical custody remaining with the natural mother thus assuring visitation arrangements and necessary counselling for said minor child."
After a seventy-two hour hearing in which numerous witnesses testified, the trial court placed temporary legal custody of the child with the Department, with physical custody of the child being placed in the mother. All visitation by the father was terminated, and he was specifically ordered not to be in the presence of the child until further order. The trial court also ordered that the child be evaluated by qualified mental health professionals who would report to the court the results of their examination. Prior to the instant proceedings the mother and father had joint custody of the child pursuant to an earlier divorce decree, with the mother having primary custody of the child. *Page 1101 
Subsequent to the seventy-two hour hearing on visitation, a hearing was held to determine whether the child was dependent. In Alabama, a trial court's finding of dependency must be based upon "clear and convincing evidence, competent, material and relevant in nature." Ala. Code (1975), § 12-15-65(e) (1986 Repl.Vol.). This is a more stringent standard, of course, than that required in disposition hearings subsequent to a finding of dependency, where evidence need be only material and relevant, not competent. Ala. Code (1975), § 12-15-65(f).
A lengthy hearing was also held on the question of dependency in this case. Voluminous testimony was elicited on the issue of whether the young female child had been sexually abused. The most direct evidence of the alleged abuse came from the child herself in an in camera hearing at which the judge, counsel for the father, and the guardian ad litem were present. Although the trial court had called for the in camera hearing, toward the close of the child's testimony the trial judge stated, "I want to strike everything, all testimony is stricken from the record and it will not be considered in any consideration of this hearing."
Similarly, the court excluded the entire testimony of the licensed counselor who had met with the child on seven occasions and who had concluded that the child had been sexually abused.
At the close of the evidence the trial court concluded that dependency had not been proved by clear and convincing evidence and, therefore, dismissed the Department's petition for dependency.
The dispositive issue presented to this court concerns the admissibility of the aforesaid testimony in the specific context of the case at bar.
We note at this point that for alleged child sexual abuse occurring after September 21, 1987, certain issues regarding the admissibility of extrajudicial conversations between mental health professionals and minor children may have become moot by the action of the state legislature. On July 23, 1987, the legislature amended Ala. Code (1975), § 12-15-65(g), to read in pertinent part as follows:
 "(g) A statement made by a child under the age of 12 describing any act of sexual conduct performed with or on the child by another, not otherwise admissible by statute or court rule, is admissible in all dependency cases brought by the state of Alabama acting by and through a local department of human resources if:
 "(1) Said statement was made to a social worker, child sex abuse therapist or counselor, licensed psychologist, physician or school or kindergarten teacher or instructor; and
 "(2) The court finds that the time, content and circumstances of the statement provide sufficient indicia of reliability. In making its determination the court may consider the physical and mental age and maturity of the child, the nature and duration of the abuse or offense, the relationship of the child to the offender, and any other factor deemed appropriate."
Such legislation is consistent with other state legislatures in their attempts to provide procedures for arriving at the truth regarding allegations of child sexual abuse, while adhering as closely as possible to the settled law on the question of what constitutes competent evidence in the context of child abuse cases such as the one at bar. See Comment, LegislativeResponses to Child Sexual Abuse Cases: The Hearsay Exceptionand The Videotape Deposition, 34 Cath.U.L.Rev. 1021 (1985).
As indicated, the Department contends that the trial court erred in excluding the testimony of the minor child as receivedin camera. We agree.
Section 15-25-3(c), Ala. Code (1975) (1982 Repl.Vol.) (emphasis supplied), provides as follows:
 "Notwithstanding any other provision of law or rule of evidence, a child victim of sexual abuse or sexual exploitation, shall be considered a competent witness and shall be allowed to testify without prior qualification in any judicial proceeding. The trier of fact shall be permitted *Page 1102 
to determine the weight and credibility to be given to the testimony. The court may also allow leading questions of such child witnesses in the interest of justice."
Although the above statutory provision applies explicitly to criminal prosecutions for child sexual abuse, we believe it is also applicable to proceedings such as the one at bar. Both the language of the statute — i.e., "a child victim of sexual abuse . . . shall be considered a competent witness and shall be allowed to testify without prior qualification in any judicial proceeding" — and the fact that criminal prosecutions require a more stringent standard of proof than that in civil child dependency hearings, support us in holding that the intent of the legislature in this area is to admit into evidence the testimony of children allegedly the victims of child abuse, be it in a criminal or a civil proceeding. Clearly, the legislature, in determining that such children shall be considered competent witnesses, has attempted to address the problem of proving a case of child abuse where the only witness of such abuse is normally going to be the young child.
We find no difficulty in applying § 15-25-3(c) to the case at bar; therefore, insofar as the trial court excluded the testimony of the child on grounds of incompetence, it was in error.
On the related issue of whether the in camera hearing was proper, the father contends that the law in Alabama does not permit such a hearing in view of his objection to such hearing when the trial court announced its intention of holding it. With some reservations, we disagree.
It is true, as the father notes, that Rule 43, Alabama Rules of Civil Procedure, provides that "[i]n all trials the testimony of witnesses shall be taken orally in open court, unless otherwise provided in these rules." It is also true that the case law on the issue generally supports the father's contention that, in absence of the consent of all the parties, an in camera hearing will not be permitted. Ex parte Berryhill,410 So.2d 416 (Ala. 1982). It has furthermore been held that such consent to an in camera hearing may be made conditional upon the presence of a court reporter. Ex parte Wilson,450 So.2d 104 (Ala. 1984).
There is no question but that the father made his objection to the in camera hearing known to the court prior to the hearing. The basis for the father's objection was, in the main, that he, and not just his attorney, be permitted to attend the hearing.
Although we recognize the validity of the father's objections to such a hearing under most circumstances, we do not find his argument convincing under the narrow facts of this case. We certainly find no merit in his contention that his constitutional right to confront adverse witnesses has been violated. The right of which the father speaks applies only in the context of criminal prosecutions. U.S. Const. Amendment VI. The instant case is a civil proceeding without penal consequences, and his argument based on constitutional law is, therefore, misplaced.
As to whether an in camera hearing is proper under such circumstances as the one at bar, Ex parte Berryhill leaves open the possibility that such a hearing would be proper where the interested parties were afforded the opportunity to be represented by counsel at the hearing. In that case it was stated that "[t]here is no exception in the rules for in camera
examination of witnesses without the presence or consent of attorneys and the right of cross-examination." Ex parteBerryhill, 410 So.2d at 418 (certain emphasis omitted).
As indicated, counsel for the father was present at the incamera hearing, as was the guardian ad litem. Counsel for the Department and the mother waived their right to attend the hearing. The examination of the child was conducted by the guardian ad litem with frequent objections by counsel for the father. A full transcript of that hearing was made and comprises part of the record of this appeal.
Other states have fashioned similar alternatives to young children taking the stand in open court where allegations of child abuse are at issue. In New Jersey Division of Youth Family Services v. S.S., *Page 1103 185 N.J. Super. 3, 447 A.2d 183 (1982), an in camera hearing was held outside of the presence of both the objecting party and her counsel. In approving that procedure, the court stated as follows:
 "We are satisfied that under the circumstances the procedure utilized was in the best interests of the child. It is evident from the record that the child was emotionally disturbed. The trial judge described him as 'rigid.' We conclude that the judge reasonably found that a certain degree of privacy would be more likely to elicit a genuine and reliable response from the child. We are satisfied that the trial judge acted reasonably in balancing the needs of the child for protection as against defendant's need to see her child when that child answered the judge's questions or answered questions submitted by the attorneys for cross-examination.
 "In a custody proceeding the judge has broad discretion to conduct a private examination of a child. Callen v. Gill, 7 N.J. 312, 319, 81 A.2d 495
(1951). Indeed, in a criminal case utilization of a procedure where a witness is present through electronic means such as closed circuit television rather than being physically present in court has been held not to violate the right of confrontation. See e.g., Kansas City v. McCoy, 525 S.W.2d 336, 339 (Mo.Sup.Ct. 1975). The use of the tape recorder and voice transmission under these circumstances is an acceptable method of balancing the interests of the child and the rights of the parties while at the same time affording the trier of fact maximum opportunity to ascertain the truth by questioning the child and observing his demeanor."
S.S., 185 N.J. Super. at 7, 447 A.2d at 185.
We are similarly satisfied that the rights of all of the interested parties have been sufficiently protected by the method used in receiving the child's in camera testimony in this case. In short, counsel for the objecting party was in attendance at the hearing, and a full transcript of the hearing was made and appears in the record on this appeal.
We would note that, as in other cases where the trial court itself is the trier of fact, the trial court is singularly situated to give such weight to the testimony as it deems appropriate in view of being physically present and able to consider the demeanor and credibility of the testifying witness.
What would have appeared to cause the trial court in this instance to abruptly announce that the child's in camera
testimony would not be considered was the presentation by the father's counsel of a doll brought to the courtroom by the father and which the child associated with the father. Such incident further exacerbated an already difficult examination of a young child. While we appreciate the reasons the trial court may have wished to strike the child's testimony, we believe the difficulties inherent in such a hearing go to the weight and not the admissibility of the child's testimony.
We, therefore, find error in the trial court's action in striking in toto what transpired at the in camera examination.
We next consider the issue of whether the court erred in excluding the entire testimony of the counselor who interviewed the child in this case. The trial court's action was apparently taken because the expert's opinion and/or conclusions were in part based upon extrajudicial conversations with the child. We also reverse and remand with respect to that action.
We would note that the learned trial judge had a great deal of difficulty regarding the admissibility of the expert's testimony and, in fact, made opposite rulings on this single question before finally deciding to exclude the entire testimony of the expert. We would be less than candid if we did not confess that this court likewise had difficulty resolving this question.
Other state courts have had similar difficulties in deciding whether to admit evidence of this kind. See In re Christine C.,191 Cal.App.3d 676, 236 Cal.Rptr. 630 (1987); Matter ofCheryl H., 153 Cal.App.3d 1098, 200 Cal.Rptr. 789 (1984);Matter *Page 1104 of Nicole V., 123 A.D.2d 97, 510 N.Y.S.2d 567 (1987). Generally, the trend is toward admitting the expert testimony regarding child abuse. The rationale used in the case most closely analogous to the one at bar was that precedent existed to admit the expert's testimony where it could be corroborated by other competent evidence such as a child's in camera
interview. Matter of Nicole V., 123 A.D.2d 97, 510 N.Y.S.2d 567.
The expert witness in the case at bar was a licensed professional counselor with a master's degree in clinical psychology, with extensive experience in counseling and evaluating children who have reportedly been abused physically, sexually, or emotionally. She testified that since 1981 she has evaluated close to 2,000 children.
Without going into the specific details of her testimony, suffice it to say that her opinion was based upon factors in addition to her conversations with the child during the seven times they met together. These factors included for the most part her observations of the child's erratic behavior and her knowledge of sexual matters well beyond her years, as exhibited in her playing with anatomically correct dolls. The counselor testified that such behavior, which also included sexual acting out behavior, was consistent with the behavior of other children who had been sexually abused.
Insofar as this testimony was based on factors other than conversations with the child, and insofar as the behavior upon which the testimony was based was corroborated by other witnesses — for instance, the mother's testimony about the child's extraordinary fears, her sexual acting out, and her masturbation episodes — we cannot hold that such testimony should be subject to a blanket hearsay exclusion. We hold such evidence admissible with full knowledge of the problematic nature of such testimony, but also with full awareness of our state legislature's action in this area and of the potential results of not admitting such evidence on technical grounds. As was stated in Matter of Nicole V., 123 A.D.2d at 105,510 N YS.2d at 572,
 "The worst result of an erroneous finding against a parent will be the temporary loss of custody for no more than 18 months, during which time supervised visitation is possible. However, the result of an erroneous fact-finding in favor of a parent is to permit a helpless, abused child to remain in or be returned to the custody of an abusive parent without the protection of State intervention. Such a result society cannot tolerate."
We, therefore, reverse the trial court on this issue as well and remand the case so that the trial court may consider that expert opinion testimony not derived from conversations between the counselor and the child. In short, the trial court may consider the counselor's testimony in light of what we consider to be corroborating testimony from the in camera hearing and from the other explicit testimony given by the other various witnesses as to the present condition and best interests of the young child in this case.
This case is, therefore, reversed and remanded for proceedings not inconsistent with the above.
In view of the above, other issues are pretermitted.
REVERSED AND REMANDED.
BRADLEY, P.J., and INGRAM, J., concur.