545 So.2d 455 (1989)
Josefina I. CASTELLANOS, Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, and Phyllis Krug, Guardian Ad Litem, Appellees.
No. 87-454.
District Court of Appeal of Florida, Third District.
June 20, 1989.
*456 Lane S. Abraham, Miami, for appellant.
Robert A. Butterworth, Atty. Gen., and Eric J. Taylor, Asst. Atty. Gen., for appellee.
Sparber, Shevin, Shapo & Heilbronner and Nancy Schleifer, Miami, Pines & Hauser, for The Guardian Ad Litem Program as amicus curiae.
Before HUBBART, BASKIN and FERGUSON,[*] JJ.
HUBBART, Judge.
This is an appeal by the mother Josefina I. Castellanos from a final order entered below which adjudicates her minor daughter Nikoll Castellanos to be a dependent child. The mother raises four points on appeal, none of which present reversible error. We accordingly affirm.

I
The central contention raised by the mother on appeal is that the trial judge improperly took testimony from her minor daughter outside the presence of the mother and her counsel because the judge made no particularized determination that such a procedure was necessary to protect the minor child from emotional or mental harm.[1] The fatal flaw in this argument is that there is no legal requirement that such a particularized determination of necessity be made as a prerequisite to such an in-camera examination of the minor child in a juvenile dependency proceeding.
Fla.R.Juv.P. 8.610(b), entitled "[i]n-[c]amera [p]roceedings," generally provides that in all cases conducted under the Florida Juvenile Justice Act [ch. 39, Fla. Stat. (1987)], including juvenile dependency cases, "[t]he child may be examined by the court outside the presence of other parties under circumstances as provided by law." Section 39.408(2)(c), Florida Statutes (1987), specifically governs hearings in juvenile dependency *457 cases and provides that "[t]he child and the parents or legal custodians of the child may be examined separately and apart from each other." There is no requirement in this statute that the trial judge must first make, as urged, a particularized determination that such an in-camera proceeding is necessary to protect the emotional or mental health of the minor child. This is hardly surprising as the legislature has obviously determined that such a procedure is particularly suited to all juvenile dependency cases, that the effort to obtain the truth from the minor child is unlikely to be successful if conducted in the presence of his parent or guardian whose care of the child is being questioned, and that the child necessarily requires a special exemption from the rigors of cross examination by the parent or guardian.
The mother, however, argues that certain sections of the Florida Evidence Code [§§ 92.53 and 92.54, Fla. Stat. (1987)] are directly applicable to this case and require the trial judge to make the aforesaid particularized finding in order to conduct such an in-camera proceeding. The fatal flaw in this argument is that these statutes do not purport to regulate the conduct of in-camera proceedings and are applicable only to certain types of sexual-abuse or child-abuse cases where a child under the age of sixteen would otherwise be required to testify in open court. In lieu of such open-court testimony and to protect the child therefrom, these statutes provide for the use of videotaping or closed-circuit television in taking such a child's testimony out of court. In both types of procedures, the affected parties have, in contrast to an in-camera proceeding, a limited right to be present and a limited right to cross examine the child witness with assistance from an interpreter. §§ 92.53(4), (5), 92.54(4), Fla. Stat. (1987). These statutes contain no provision for videotaping or televising in-camera proceedings in which a child is not otherwise required to testify in open court; indeed, there would be no need for such protective legislation where the child, as here, is not otherwise subject to the rigors of open-court cross examination. This being so, the aforesaid statutes have no application to in-camera proceedings in juvenile dependency cases and do not govern the testimony taken in camera from the minor child in the instant case.
We have not overlooked the constitutional implications of denying the mother a right to cross examine her child in the in-camera proceeding conducted below. The mother, however, makes no claim in her brief that she was constitutionally entitled to such a right of cross examination and accordingly we do not pass upon this question.[2] The mother's argument on appeal is confined solely to the aforesaid evidence statutes which she urges require a *458 particularized finding of necessity in order for the trial judge to take in-camera testimony from a minor child in a juvenile dependency proceeding; for the reasons already stated, we disagree with this position. We would note, however, in passing, that similar constitutional claims have been rejected by the courts of other jurisdictions. See, e.g., State ex rel. Driscoll, 410 So.2d 255 (La. Ct. App. 1982); New Jersey Div. of Youth & Family Servs. v. S.S., 185 N.J. Super. 3, 447 A.2d 183 (App.Div.), cert. denied, 91 N.J. 572, 453 A.2d 883 (1982).

II
The balance of the mother's points on appeal do not present reversible error. The mother makes a broad-based complaint that the "court improperly admitted hearsay evidence at the trial," namely, "statements the child made to various witnesses." Appellant's brief at 12. The mother, however, does not further specify the testimony which she says was improperly admitted; she names no witnesses, states no record references, and makes no showing why this testimony was prejudicial. This being so, no reversible error can possibly be predicated on this overbroad appellate point. Beyond that, our independent review of all of the child's hearsay statements which appear in the record shows that most of these statements were received below without objection, and that the balance were objected to based on grounds which are totally different from the ground relied upon by the mother in her brief. This being so, the point herein urged has, in any event, been waived for appellate review. Caldwell v. People's Bank, 73 Fla. 1165, 75 So. 848 (1917); Mt. Sinai Hosp. v. Steiner, 426 So.2d 1154 (Fla. 3d DCA 1983); Tabasky v. Dreyfuss, 350 So.2d 520 (Fla. 3d DCA 1977).
The mother also complains in some detail that the competent evidence introduced at trial was not sufficient to show by a preponderance of the evidence that the subject child was dependent. We disagree because, in our view, the extensive evidence adduced below was more than sufficient to support the trial court's finding of dependency. The mother's argument on this point invites us, in effect, to substitute our judgment for that of the trial court through a reweighing and reevaluation of the testimony and evidence from the record on appeal; we are specifically prohibited from engaging in such an exercise. See, e.g., Shaw v. Shaw, 334 So.2d 13, 16 (Fla. 1976).
Finally, there is no merit to the final point that the trial court did not state in its order the facts upon which the finding of dependency is based. The trial court adequately followed the statutory directive to "briefly stat[e] the facts upon which the finding [of dependency] is made... ." § 39.409(3), Fla. Stat. (1987). The fact that these findings may have largely tracked the factual allegations of the dependency petition cannot change this result, as the trial court obviously found that these facts had been established at trial. We see no statutory prohibition in such a procedure.
For the above-stated reasons, the final order of dependency under review is, in all respects,
Affirmed.
NOTES
[*] Judge Ferguson participated in the decision but did not hear oral argument.
[1] The Florida Department of Health and Rehabilitative Services has filed a brief which, in effect, confesses error on this point; the guardian ad litem of the minor child, on the other hand, has filed an amicus brief which disagrees with the mother's position on this point. Although we commend the candor of, and have given great weight to the Department's confession of error, we decline to accept same for the reasons developed in this opinion.
[2] The mother's relevant point on appeal states in non-constitutional terms that "[t]he testimony of the child was improperly taken outside the presence of the child's mother and the mother's counsel when no determination was made as to the necessity of such procedure." Appellant's brief at 6. In support of this point, the mother urges at some length the applicability of Sections 92.53, 92.54, Florida Statutes (1987), which, it is asserted, requires such a determination of necessity before the aforesaid in camera testimony may be taken and, when invoked, affords the affected parties a limited right of cross-examination of the minor child. Appellant's brief at 6-11. At the very end of this argument, the mother asserts that the child's in camera testimony should have either been excluded or the mother "allowed to make some form of cross-examination or inquiry," presumably by invoking the above statutes which afford such a limited right. Appellant's brief at 11. This is purely and simply a statutory-based contention which, for reasons already developed, we have rejected; it is not a constitutionally based claim. Indeed, the only mention of the constitution in the mother's brief is in the last sentence of her argument on this point wherein it is asserted that "[t]his resulted in an unfair hearing and a denial of due process. See, e.g., In the Interest of J.H., R.H., & J.S., each a child. Dorothy Hall v. State of Florida, 480 So.2d 680 (Fla. 1st DCA 1985)." Appellant's brief at 11. The cited case does not involve a claimed denial of constitutionally guaranteed cross-examination rights, and the boiler plate "unfair hearing" "due process" assertion is obviously insufficient to present such a claim to this court.

We recognize that the Florida Department of Health and Rehabilitative Services has confessed error in its brief based on its point that "[t]he appellant was denied fundamental due process when she and her attorney were denied the right to be present during the testimony of her child, NC." Appellee's brief at 3. There follows an analysis as to why the mother's constitutionally guaranteed cross-examination rights were abridged in this case. Appellee's brief at 3-4. Nothing like this appears in the mother's brief. Although we commend the Department's desire to protect the mother's constitutional rights, we do not think that it is privileged as the appellee in this case to raise such a constitutional claim on behalf of the mother and then confess error based thereon where, as here, the error was not fundamental in nature.