597 So.2d 408 (1992)
Ricardo HERNANDEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 90-1522.
District Court of Appeal of Florida, Third District.
April 21, 1992.
Bennett H. Brummer, Public Defender, and Clayton R. Kaeiser, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Katherine B. Johnson and Giselle Lylen, Asst. Attys. Gen., for appellee.
Before BARKDULL, BASKIN and GERSTEN, JJ.
PER CURIAM.
Ricardo Hernandez appeals convictions of first degree felony murder, conspiracy to commit burglary, armed burglary, armed *409 kidnapping, and attempted robbery. We affirm.
The charges against Hernandez stemmed from events that occurred during a home burglary involving Hernandez and several other people. Two codefendants entered guilty pleas and testified at Hernandez's trial about his participation in the charged crimes. Prior to trial, the state filed a motion to permit the victim's two children, David and Andrea, ages 8 and 11, witnesses to the murder, to testify by way of closed-circuit television. After considering the testimony of a psychologist who had examined the children, the court concluded that they would suffer severe emotional harm if they were required to testify in open court. The trial court permitted the children to testify by way of one-way closed-circuit television.[1] The children testified that the sound of gunshots awoke them from their sleep late at night and that a stranger took them from their bedrooms and put them on the couch with their mother. While they sat beside their mother, she was shot to death. At trial, the prosecutor elicited testimony from David stating that he had identified Hernandez's picture from a photograph lineup. Andrea testified that she had helped an officer draw a composite photograph of the person who shot her mother.
Of the several issues appellant raises on appeal, only one merits discussion. Hernandez argues that the trial court violated his right of confrontation in allowing the children to testify by way of closed-circuit television. U.S. Const. amend. VI; Art. I, § 16, Fla. Const. He contends that the absence of an enabling statute or rule permitting such testimony renders the trial court's ruling subject to reversal. In the alternative, he argues that the method used to present the children's testimony did not comply with the requirements set forth in Maryland v. Craig, 497 U.S. 836, ___, 110 S.Ct. 3157, 3166, 111 L.Ed.2d 666, 681-82 (1990). We disagree.
Although no authority expressly authorizes the procedure used here, in Ashley v. State, 265 So.2d 685, 692 (Fla. 1972), the Florida Supreme Court stated that the trial court's use of a procedure not specifically authorized by statute or rule of court does not automatically entitle defendant to a new trial. "In order for such procedure to be a valid basis for a new trial it is incumbent upon a defendant to establish that its use denied him due process of law." Ashley, 265 So.2d at 692; Feeney v. State, 359 So.2d 569 (Fla. 1st DCA 1978); Kennick v. State, 107 So.2d 59 (Fla. 1st DCA 1958). Consequently, the challenge to Hernandez's convictions depends on a showing that the presentation of the children's testimony by way of closed-circuit television violated his right of confrontation. Gonzales v. State, 818 S.W.2d 756, 765 (Tex. Crim. App. 1991) (en banc). Contra Ford v. State, 592 So.2d 271 (Fla. 2d DCA 1991).[2]
"[A] defendant's right to confront accusatory witnesses may be satisfied absent a physical, face-to-face confrontation at trial only where denial of such confrontation is necessary to further an important public policy and only where the reliability of the testimony is otherwise assured." Maryland v. Craig, 497 U.S. at ___, 110 S.Ct. at 3166, 111 L.Ed.2d at 681-82.[3] After reviewing the record, we hold that the trial court did not violate Hernandez's right of confrontation. Several reasons support *410 our decision. First, the trial court rendered a case-specific finding predicated on expert testimony that the children would suffer severe emotional harm if they testified in the presence of the person they believed killed their mother. Second, the requisite indicia of the testimony reliability are present. The reliability of the children's testimony was ensured by their competency to testify, their testimony under oath, the full opportunity for contemporaneous cross-examination, and the ability of the judge, jury, and defendant to observe the children's demeanor. Finally, the use of the procedure was precipitated by important public policy considerations.[4] The state has an interest in protecting child victims of sexual or other abuse from the additional trauma of testifying in open court, in defendant's presence. See Glendening v. State, 536 So.2d 212, 218 (Fla. 1988), cert. denied, 492 U.S. 907, 109 S.Ct. 3219, 106 L.Ed.2d 569 (1989); Fricke v. State, 561 So.2d 597 (Fla. 3d DCA 1990). Children who hear their mother plead for their lives and see her shot and killed fall within the class of victims that the public policy seeks to protect. Gonzales, 818 S.W.2d at 766-777; see Russell v. State, 572 So.2d 940 (Fla. 5th DCA 1990), review denied, 583 So.2d 1036 (Fla. 1991). Under the circumstances of this case, the right to confrontation has been satisfied. For these reasons, we affirm Hernandez's convictions.
Affirmed; conflict certified.
NOTES
[1] The jury and defendant remained in the courtroom where they observed the witnesses as they testified. The children testified from the judge's chambers. The judge, prosecutor, and defense counsel were also present in chambers. It appears that defendant was able to communicate electronically with defense counsel.
[2] In support of his argument, Hernandez cites Ford v. State, 592 So.2d 271 (Fla. 2d DCA 1991). In Ford, the Second District Court of Appeal held that the trial court erred in permitting the state to present the videotaped testimony of a child who witnessed the murder of her mother. The Second District held that the trial court erred in permitting such procedure in the absence of an enabling statute or other authority. We disagree with that holding and certify conflict with Ford.
[3] The Florida Supreme Court has also held that the denial of face-to-face confrontation under those circumstances does not violate defendant's right to confront accusers. Glendening v. State, 536 So.2d 212 (Fla. 1988), cert. denied, 492 U.S. 907, 109 S.Ct. 3219, 106 L.Ed.2d 569 (1989).
[4] We note that the legislature recognized these important policy interests in enacting sections 92.53, .54, and .55, Florida Statutes (1991). In section 92.55, the legislature requested that the supreme court adopt procedures to protect child witnesses in pretrial as well as trial proceedings. See Chap. 85-53, Laws of Fla., preamble. The enactment of section 92.55 serves to support the trial court's decision. Gonzales v. State, 818 S.W.2d 756, 765-766 n. 16 (Tex. Crim. App. 1991) (en banc).