HARDING, Justice.
We have for review Hernandez v. State, 597 So.2d 408 (Fla. 3d DCA 1992), in which the Third District Court of Appeal expressly disagreed with the holding in Ford v. State, 592 So.2d 271 (Fla. 2d DCA 1991), and certified the conflict for this Court’s resolution. Hernandez, 597 So.2d at 409 n. 2. We have jurisdiction based on article V, section 3(b)(3) of the Florida Constitution.
. The issue in Ford and Hernandez is whether a trial court may admit the testimony of a child witness who testifies by a procedure other than face-to-face confrontation when the case does not involve sexual or child abuse. We resolved this issue in State v. Ford, 626 So.2d 1338 (Fla.1993), where we held that (1) the trial court had the authority to employ a procedure not expressly authorized by law or by rule of court, (2) the use of such a procedure does not violate a defendant’s right of face-to-face confrontation if there are sufficient indicia of reliability, and (3) when a defendant shows a violation of the right to confrontation, a new trial is required unless the State can show that the violation is harmless error. Based our decision in Ford, we approve the admission of the child witnesses’ testimony in Hernandez. Hernandez is not entitled to a reversal of his conviction.
In Hernandez the district court upheld the trial court’s ruling that permitted the presentation of two children’s testimony by one-way closed-circuit television about the murder of their mother.[1] Hernandez, 597 So.2d at 409. The district court held that the admission of the children’s testimony did not violate the defendant’s right to confrontation under Ma *1350 ryland v. Craig, 497 U.S. 836, 110 S.Ct. 3157, 111 L.Ed.2d 666 (1990). Hernandez, 597 So.2d at 409.
We find the trial court’s ruling that permitted the taking of the children’s testimony by one-way closed-circuit television was compelled by the important public policy of protecting children from emotional and mental harm. The trial court rendered a case-specific finding based on expert testimony that the children would suffer severe emotional harm if the court required them to testify in the presence of the defendant. We also find that the children’s testimony had the required indicia of reliability. See Craig, 497 U.S. at 850, 110 S.Ct. at 3166. The reliability of the children’s testimony is supported by their competency to testify, their testimony under oath, the full opportunity for contemporaneous cross-examination, and the ability of the judge, jury, and defendant to observe the children’s demeanor.
Accordingly, based on Ford, 626 So.2d 1338, we approve the district court’s holding that the defendant’s right to confrontation was not violated and thus a reversal is not required.
It is so ordered.
BARKETT, C.J., and OVERTON, MCDONALD, SHAW, GRIMES and KOGAN, JJ., concur.

. The jury and defendant remained in the courtroom where they observed the child witnesses as they testified. The children testified from the judge's chambers. The judge, prosecutor, and *1350 defense counsel were also present in the chambers. The record indicates that the defendant could communicate electronically with defense counsel while the children’s testimony was taken.