715 So.2d 1082 (1998)
Joseph S. SHOOK, Petitioner,
v.
Jack ALTER, individually and as former trustee of the Ruth Alter Trust, Fischler & Friedman, P.A., his counsel, Fleet Clearing Corporation, and Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, P.A., its counsel, Respondents.
No. 98-2375.
District Court of Appeal of Florida, Fourth District.
August 12, 1998.
Sheridan K. Weissenborn of Papy, Weissenborn, P.A., Coral Gables, for petitioner.
No response required for respondents.

ORDER REDESIGNATING PETITION FOR WRIT OF CERTIORARI AS FINAL APPEAL
KLEIN, Judge.
Joseph S. Shook, a lawyer representing a party in the trial court, seeks certiorari review of an order holding him in indirect civil *1083 contempt and assessing a fine of $10,000. Because this is a final order, so far as Shook is concerned, we conclude that review of this order should be by appeal, not by certiorari. The distinction is important because, on a petition for certiorari, the standard of review is that the petitioner must demonstrate a departure from the essential requirements of law, a heavier burden than an appellant must carry on an appeal. Pevsner v. Frederick, 656 So.2d 262 (Fla. 4th DCA 1995)(Farmer, J., specially concurring). We are publishing this order so that the Bar will know that, where a final order is entered against a non-party such as, for example, a lawyer or a witness, the appropriate method for review of that order is by final appeal.
We therefore redesignate the petition for writ of certiorari as a final appeal and accept the petition as the initial brief and the appendix as appellant's record. Appellee's brief and appendix, if an appendix is necessary, shall be served within twenty days.
POLEN and FARMER, JJ., concur.