800 So.2d 300 (2001)
The STATE of Florida, et al., Petitioners,
v.
Maria TARRAGO, Respondent.
No. 3D01-2627.
District Court of Appeal of Florida, Third District.
October 31, 2001.
Rehearing and Rehearing Denied December 5, 2001.
*301 Katherine Fernandez-Rundle, State Attorney, and Yvette Reyes, Assistant State Attorney; Hersch & Talisman and Richard Hersch, Miami, for petitioners.
Alan R. Soven, Miami, for respondent.
Before JORGENSON, GREEN, and RAMIREZ, JJ.
Rehearing and Rehearing En Banc Denied December 5, 2001.

On Petition for Writ of Certiorari Granted
JORGENSON, Judge.
The Guardian ad Litem of E.H., a minor, seeks certiorari review of orders denying a request to present her testimony via closed-circuit television. For the reasons that follow, we grant the petition and quash the orders under review.
Maria Tarrago is charged with pouring gasoline over her daughter E.H., who was fifteen at the time, and setting her on fire. The child suffered burns over 23% of her body, including her face, neck, both forearms, chest, and left thigh. She was in a coma for six weeks. She has lost the use of one of her hands and is severely disfigured. Tarrago faces charges of attempted first degree murder, arson causing personal injury, and aggravated child abuse.
E.H. is now seventeen years old. She lives in a foster home and is under psychiatric care. She has a full-scale IQ of 73; the generally recognized level for mental retardation is a range of 55-69. Her cognitive, intellectual, and emotional age is in the range of a ten or eleven-year-old.
The State and E.H., through her guardian ad litem, moved to allow E.H. to testify at her mother's trial via closed-circuit television.[1] The mother was afforded the opportunity to stipulate to the State's motion but declined to do so and wishes to have her daughter testify before her in person.
At the evidentiary hearing the State's expert testified that although E.H. does not suffer from mental retardation, her intellectual verbal capacity falls within the mental retardation range. The expert further opined that E.H. is chronologically 17 years old but functions as a child of 11 or 12. The testimony established without controversy or contradiction that should E.H. be required to testify in the presence of her mother in open court, she would suffer tremendous emotional harm.
The trial court denied the motion, finding that E.H. does not fall within the parameters of section 92.54(1), Florida Statutes (2000). That section provides:
Upon motion and hearing in camera and upon a finding that there is a substantial likelihood that the child or person with mental retardation will suffer at least moderate emotional or mental harm due to the presence of the defendant if the child or person with mental retardation is required to testify in open court ... the trial court may order that the testimony of a child under the age of 16 or person with mental retardation who is a victim or witness be taken outside of the courtroom and shown by means of closed circuit television.
Section 92.54(1), Fla. Stat. (2000).
The trial court found that the evidence presented satisfied the "at least moderate emotional or mental harm" element of section 92.54. However, because E.H. was seventeen and was not mentally retarded, the court ruled that she was not entitled to *302 the protection of section 92.54 and would have to testify in person before her mother. The court found itself "legally precluded" from granting the relief requested, and with "no choice" but to deny the requested relief.
The trial court's order denying the relief and its order on rehearing/clarification are well-reasoned and thorough, but were entered under a misapprehension of the law. Section 92.54 does not provide the sole means by which a trial court may exercise its inherent authority and its discretion to protect a child witness. A trial court "may implement a procedure not expressly authorized by [the supreme court] or otherwise authorized by law if the procedure is necessary to further an important public interest." State v. Ford, 626 So.2d 1338, 1345 (Fla.1993) (emphasis added). As the supreme court held in Ford,
`All courts in Florida possess the inherent powers to do all things that are reasonable and necessary for the administration of justice within the scope of their jurisdiction, subject to valid existing laws and constitutional provisions.' A court's inherent powers include its ability to protect witnesses. Thus, the trial court could have relied on its inherent powers to use an unauthorized procedure that would have protected the child witness in the instant case.
State v. Ford, 626 So.2d at 1345 (citations omitted); see also Harrell v. State, 709 So.2d 1364 (Fla.), cert. denied, 525 U.S. 903, 119 S.Ct. 236, 142 L.Ed.2d 194 (1998); Hernandez v. State, 597 So.2d 408, 410 (Fla. 3d DCA 1992) ("The state has an interest in protecting child victims of sexual or other abuse from the additional trauma of testifying in open court, in defendant's presence.").
This case poses a unique and compelling scenario. The child was fifteen when the charged events occurred. She is undeniably impaired both cognitively and emotionally. It is undisputed that testifying in person before her mother would cause her substantial harm. Taking these individual factors into account, and emphasizing that E.H. is still a minor, we hold that the trial court has the discretion to determine whether the important public policy consideration of protecting this child witness from harm permits E.H. to testify in her mother's trial via closed-circuit television.
This opinion shall take effect immediately notwithstanding the filing of any motion for rehearing.
Petition granted; orders quashed; remanded for further proceedings.
NOTES
[1] E.H.'s brother, who is 11 years old, is being allowed to testify via closed-circuit television.