RAMIREZ, C.J.
 

 Hamilton Monteiro petitions this Court for a Writ of Certiorari in which he requests that we quash the trial court’s order of March 21, 2010, which mandated the in-camera examination of the minor children of the marriage, outside the presence of the parties and their counsel, at a final domestic violence injunction hearing. Because we conclude that the trial court did not depart from the essential requirements of law, we deny certiorari.
 

 The original proceeding in the circuit court consists of an action for dissolution of marriage between Hamilton Monteiro, the husband, and Monica Monteiro, the wife. Four domestic violence petition actions were then consolidated with the dissolution of marriage case. The domestic violence actions involve one petition filed on behalf of the wife, which was filed on the same day as the filing of the dissolution of marriage action by the husband. The other three domestic violence petitions were filed on behalf of each of the three minor children. These three petitions were filed after the husband was arrested on September 17, 2009, as a result of the alleged sexual abuse by the husband regarding the three minor girls.
 

 With respect to the trial court’s March 21, 2010 order under review, which was entered with respect to the four domestic violence petitions, the trial court stated that it would conduct an in-camera interview “of at least the two oldest Minor Children, privately and outside the presence of counsel and outside the presence of the parties, before the testimony of any and all other witnesses.” The court further ordered that it reserved the right to determine whether an in-camera interview of the youngest child would be conducted, also privately and outside the presence of counsel and outside the presence of the parties.
 

 The husband argues in his petition for writ of common law certiorari that the trial court’s order violates his due process rights because an interview of the minor children without the presence of counsel or the parties deprives him of a meaningful opportunity to be heard. We disagree.
 

 Common law certiorari is an extraordinary remedy which should not be used to circumvent the interlocutory appeal rule in which only a few types of non-final orders are appealable.
 
 Martin-Johnson, Inc. v. Savage,
 
 509 So.2d 1097, 1098 (Fla.1987). Erroneous interlocutory rulings that can be corrected by common law certiorari are extremely rare and relief will be provided only in very few cases where common law certiorari will be the appropriate relief.
 
 Id.
 
 at 1098-99. Moreover, as the moving party, the petitioner has the burden to demonstrate the departure from the essential requirements of the law.
 
 See Shook v. Alter,
 
 715 So.2d 1082, 1083 (Fla. 4th DCA 1998).
 

 The husband has not shown how the trial court departed from the essential requirements of the law. The husband has not cited to any authority which requires that the trial court submit the minor children to cross-examination by the husband’s counsel in the domestic violence action. Moreover, he has cited to no authority which requires the trial court to have the husband or his counsel present during any in-camera examination of the children in a domestic violence case. Consequently, there can be no departure from the essential requirements of law because the trial court did not violate any established principles of law when it entered the subject order.
 

 
 *688
 
 Furthermore, Florida Family Law Rules of Procedure and case law support the trial court’s conclusion. Florida Family Law Rule of Procedure 12.407, “Testimony and Attendance of Minor Child,” states the following:
 

 No minor child shall be deposed or brought to a deposition, brought to court to appear as a witness or to attend a hearing, or subpoenaed to appear at a hearing without prior order of the court based on good cause shown unless in an emergency situation. This provision shall not apply to uncontested adoption proceedings.
 

 As the wife correctly points out, this rule is applicable to domestic violence proceedings.
 
 See
 
 Fla. Fam. R. P. 12.010(a).
 

 In addition, the wife correctly argues under
 
 Hickey v. Burlinson,
 
 33 So.3d 827 (Fla. 5th DCA 2010), that a parent’s due process rights are protected by the mere presence of a court reporter in an in-camera interview without counsel or parties present. In
 
 Hickey,
 
 the mother petitioned for writ of certiorari following the trial court’s denial of her motion to temporarily halt visitation between her two minor children and their father.
 
 Id.
 
 at 828. The mother alleged that the father was abusing alcohol during his visitation and, thus, endangering the children’s safety. The mother requested an abatement of visitation pending a determination of the extent of the father’s alcohol consumption and the danger posed to the children.
 
 Id.
 
 In addition, she requested, pursuant to Florida Family Law Rule of Procedure 12.407, leave for the minor children to attend and testify at the hearing. The trial court granted the motion and instructed the mother’s counsel to arrange a date and time for the children to testify.
 
 Id.
 

 The mother and the children appeared at the hearing with counsel and a court reporter.
 
 Id.
 
 The mother objected when the trial court requested the children’s presence in chambers for their testimony, but would not allow the court reporter to be present. The trial court then asked the mother to withdraw her rule 12.407 motion.
 
 Id.
 
 The mother refused, stating that without the children’s testimony there was no evidence of the alleged alcohol abuse, and therefore, she would not be able to meet her burden to provide record evidence in support of the motion.
 
 Id.
 
 The trial court refused to conduct the interview with the court reporter present and denied the motion to abate visitation for lack of evidence.
 
 Id.
 

 On appeal to the Fifth District Court of Appeal, the mother contended, among other things, that an in-camera evidentiary inquiry outside the presence of the court reporter precluded judicial review and also denied her due process.
 
 Id.
 
 at 829. The district court held that having granted the motion to allow the testimony of the children, the trial court erred when it disallowed the recording of the children’s in-camera testimony.
 
 Id.
 
 The court stated that this was because due process required that the party seeking to modify visitation demonstrate that there has been a material change in circumstances and that modification was required to protect the child’s best interest.
 
 Id.
 
 It is abundantly clear that the only method for the wife here, like the wife in
 
 Hickey,
 
 to prove her case was through the introduction of the children’s testimony.
 
 See also Hathcock v. Hathcock,
 
 680 So.2d 564 (Fla. 1st DCA 1996);
 
 Nowak v. Nowak,
 
 546 So.2d at 123.
 

 Moreover, Florida Family Law Rule of Procedure 12.407 and
 
 Hickey
 
 also make it clear that the children’s interests are of the utmost importance in domestic and sexual violence cases.
 
 See Hickey,
 
 33 So.3d at 829 (citing to
 
 Nowak,
 
 546 So.2d at 123). Because of the delicate nature of the
 
 *689
 
 in-camera interview of minor children, the trial court has discretion to determine how the best interests of the children are to be protected. In fact, section 92.55, Florida Statutes (2010), entitled “Judicial or other proceedings involving victim or witness under the age of 16 or person with mental retardation; special protections,” states, in pertinent part, the following:
 

 (1) Upon motion of any party, upon motion of a parent, guardian, attorney, or guardian ad litem for a child under the age of 16 or person with mental retardation, or upon its own motion, the court may enter any order necessary to protect a child under the age of 16 or person with mental retardation who is a victim or witness in any judicial proceeding or other official proceeding from severe emotional or mental harm due to the presence of the defendant if the child or person with mental retardation is required to testify in open court. Such orders shall relate to the taking of testimony and shall include, but not be limited to:
 

 (a) Interviewing or the taking of depositions as part of a civil or criminal proceeding.
 

 (b) Examination and cross-examination for the purpose of qualifying as a witness or testifying in any proceeding.
 

 (c) The use of testimony taken outside of the courtroom, including proceedings under ss. 92.53 and 92.54.
 

 (2) In ruling upon the motion, the court shall take into consideration:
 

 (a) The age of the child, the nature of the offense or act, the relationship of the child to the parties in the case or to the defendant in a criminal action, the degree of emotional trauma that will result to the child as a consequence of the defendant’s presence, and any other fact that the court deems relevant; or
 

 (b) The age of the person with mental retardation, the functional capacity of the person with mental retardation, the nature of the offenses or act, the relationship
 

 [[Image here]]
 

 See
 
 § 92.55, Fla. Stat. (2010) (emphasis added). In
 
 State v. Tarrago,
 
 800 So.2d 300, 302 (Fla. 3d DCA 2001), we ruled that the trial court has inherent authority and discretion to protect a child witness. We stated that the trial court may “ ‘implement a procedure not expressly authorized by [the supreme court] or otherwise authorized by law if the procedure is necessary to further an important public interest.’ ”
 
 Id.
 
 (citations omitted). The trial court thus acted well within its discretion and consistent with its obligation to act in the children’s best interests.
 

 In addition, the father’s request in this case for submission of the minor children to examination in the presence of counsel and/or parties, effectively superimposes his right to due process upon the best interests of the children. This is impermissible. The father’s request is particularly at odds with the truth-finding process where, as here, he is the subject of the minor children’s testimony. Thus, the only way to obtain the truth from the minor children is to conduct the interview outside the presence of the father.
 
 [1]
 
 Clear
 
 *690
 
 ly, the Florida Legislature has recognized that in situations such as the one before us today, the best interests of the minor children are paramount.
 
 [2]
 
 As such, we find that the trial court’s decision was not a departure from the essential requirements of law. On remand, the father can request that a court reporter be present so that the children’s testimony is transcribed, thus permitting judicial review.
 

 The husband further contends that he could suffer material injury throughout the remainder of the proceedings in the trial court for which a remedy on appeal would be inadequate. We disagree with this contention. In the subsequent dissolution of marriage action that will follow the domestic violence proceedings, the trial court will address the parties’ timesharing rights. As such, the husband will not suffer any irreparable harm.
 

 As to the husband’s remaining arguments on appeal, we find them to be without merit and decline to address them. Accordingly, we deny the petition for writ of certiorari.
 

 [1]
 

 .
 
 See, e.g., Castellanos v. Dep’t of Health & Rehab. Servs.,
 
 545 So.2d 455, 456-57 (Fla. 3d DCA 1989), where we noted that Florida Rule of Juvenile Procedure 8.610(b), which entitled in-camera proceedings generally provides that in all cases conducted under the Florida Juvenile Justice Act [ch. 39, Fla. Stat. (1987) ], including juvenile dependency cases, ‘[t]he child may be examined by the court outside the presence of other parties under circumstances as provided by law.’ Section 39.408(2)(c), Florida Statutes (1987), specifi
 
 *690
 
 cally governs hearings in juvenile dependency cases and provides that '[t]he child and the parents or legal custodians of the child may be examined separately and apart from each other.’ We further stated in
 
 Castellanos
 
 that this was "hardly surprising as the legislature has obviously determined that such a procedure is particularly suited to all juvenile dependency cases, that the effort to obtain the truth from the minor child is unlikely to be successful if conducted in the presence of his parent or guardian whose care of the child is being questioned, and that the child necessarily requires a special exemption from the rigors of cross examination by the parent or guardian.” Id. at 457.
 

 [2]
 

 .
 
 See also,
 
 Fla. R. Juv. P. 8.625(c) "In camera Proceedings” stating, “The child may be examined by the court outside the presence of other parties under circumstances as provided by law. The court shall assure that the proceedings are recorded unless otherwise stipulated by the parties.”