358 So.2d 1184 (1978)
Sarah PATRICK, Appellant,
v.
Robert Eugene PATRICK, Appellee.
No. II-32.
District Court of Appeal of Florida, First District.
May 26, 1978.
*1185 T. Michael Jones of Selby, Chesser, Wingard & Barr, Fort Walton Beach, for appellant.
Harold F. Peek, Jr., Niceville, for appellee.
PER CURIAM.
Wife appeals the trial court's refusal to grant her a special equity in a grocery business owned by husband; she also appeals the court's denial of her request for permanent alimony. Husband cross-appeals the court's requirement that he maintain a $5,000 life insurance policy on himself with the wife as beneficiary. He contends in addition that the court erred in restricting his visitation rights with the parties' minor child to the condition that no other person be in his home while the child is with him there. We affirm on the two points raised by wife and reverse on the points raised by husband's cross-appeal.
A review of the record makes it clear that the trial court did not abuse its discretion in failing to award wife a special equity and permanent alimony. In addition to child support and rehabilitative alimony awards, she was given the parties' mobile home free of encumbrances, a lump sum award, and attorney's fees. There was testimony that she had recently obtained a real estate license and could with some additional education make a living in that occupation. Viewed as a whole, there was no error in the trial court's adjustment of the equities between the parties.
There was error, however, in the requirement that husband keep a life insurance policy in force with wife as beneficiary. As this court held recently in Watterson v. Watterson, 353 So.2d 1185, 1190 (Fla. 1st DCA 1977): "There is nothing in the record to justify an award of alimony after death, and therefore it was error to require the husband to maintain life insurance on his life for the benefit of wife to provide support for her in the event of and after the husband's death." See also Todd v. Todd, 311 So.2d 769 (Fla. 1st DCA 1975) and Putman v. Putman, 154 So.2d 717 (Fla. 3d DCA 1963). This type of a requirement is particularly inappropriate where, as here, permanent alimony is not awarded in the judgment. Roberts v. Roberts, 283 So.2d 396 (Fla. 1st DCA 1973).
Finally, we reverse the court's restriction of husband's visitation privileges with his child. As written the appealed provision would prohibit the child from visiting husband's home when doctors, preachers, cousins, or even grandparents were present. The limitation is clearly overbroad and must be stricken.
The judgment is therefore affirmed in part and reversed in part. Wife's motion for appellate attorney's fees is denied.
MILLS, Acting C.J., and ERVIN and MELVIN, JJ., concur.