403 So.2d 989 (1980)
Linda L. DRAPER, Appellant,
v.
John David DRAPER, Appellee.
No. 80-646.
District Court of Appeal of Florida, Second District.
December 24, 1980.
Dale L. Price of Price & Price, Chartered, Bradenton, for appellant.
Jerome Pratt, Palmetto, for appellee.
CAMPBELL, Judge.
Linda Draper appeals from a final dissolution of marriage. She raises four issues on appeal. Only one of these issues has merit and requires discussion.
The pleadings in the lower court raised custody of the parties' four minor children as an issue to be determined by the trial court. Both parties sought to be awarded custody. The oldest of the parties' children, their fifteen year old son, testified concerning Mrs. Draper's relationship with a Steven Stapleton. He also gave his opinion that his best interest would be served by being in the custody of Mrs. Draper. After cross-examination of the son by Mr. Draper's attorney, Mr. Draper, without any qualifications, withdrew his request for custody of the minor children. The court at the conclusion of the final hearing announced as a condition of awarding custody to Mrs. Draper that Steven Stapleton would not be allowed to come around the children or the marital home which was awarded to Mrs. Draper. The trial court confirmed its announced condition by a restriction in the final judgment that provided:
2. Permanent custody of the minor children of this marriage, to-wit: JOHN DAVID DRAPER, JR., DANIEL DRAPER, SCOTT DRAPER, and AMY DRAPER, is hereby granted to Wife, with the requirement that STEVEN W. STAPLETON shall not be permitted to come around the children or the house, formerly the marital domicile of the parties hereto, unless the Respondent, LINDA L. DRAPER, marries him. Husband shall have reasonable visitation rights with the said children.
The court ordered this restriction in the absence of a finding that Mr. Stapleton adversely affected the children's welfare, and in the absence of any competent, substantial evidence in the record that would have supported such a finding. Dinkel v. Dinkel, 322 So.2d 22 (Fla. 1975); Hackley v. Hackley, 380 So.2d 446 (Fla. 5th DCA 1979). The restriction is also overbroad in that it prohibits Mr. Stapleton from visiting the home even when the children are not *990 present. Such visits could have no adverse effect on the children. See Patrick v. Patrick, 358 So.2d 1184 (Fla.1st DCA 1978).
The welfare of the children is the court's prime consideration in a child custody proceeding. If, after an award of custody, a custodial parent engages in conduct or associations that adversely affect the minor children, the court has continuing jurisdiction to enter appropriate orders to protect the children. To impose prior conditions upon the custodial parent which are not supported by the evidence, however, is an abuse of discretion.
Consequently, we strike the restriction of Mr. Stapleton's visits and affirm the order in all other respects.
HOBSON, Acting C.J., and BOARDMAN, J., concur.