403 So.2d 627 (1981)
Jacob GAVRONSKY, Appellant,
v.
Dorothy Kimball GAVRONSKY, Appellee.
No. WW-465.
District Court of Appeal of Florida, First District.
September 17, 1981.
Simon D. Rothstein of Adams, Rothstein & Siegel, Jacksonville, for appellant.
Chanselor Howell, Richard Sandler, Jacksonville, for appellee.
WENTWORTH, Judge.
Appellant seeks review of a dissolution order which awards appellee the marital home and which places various restrictions upon appellant regarding child visitation. We affirm the property division in this case on the authority of Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), but find that several of the visitation restrictions are overbroad and unsupported by any evidentiary predicate, and we reverse that aspect of the order.
While the denial or restriction of visitation rights is generally disfavored, see Yandell v. Yandell, 39 So.2d 554 (Fla. 1949), it is within the court's discretion to restrict or limit visitation as may be necessary to protect the welfare of the child. See Adams v. Adams, 376 So.2d 1204 (Fla. 3d DCA 1979); Hechler v. Hechler, 351 So.2d 1122 (Fla. 3d DCA 1977). But Adams and Hechler also indicate that record evidence must support the necessity for any visitation restrictions. In the present case no factual findings were made as to the necessity for visitation restrictions, and the record lacks any evidentiary support regarding the need for several of the restrictions which were imposed. For example, the order requires that all visitation be attended by either appellant's mother or sister, and further requires that the children (both male, ages 6 years and 4 years at the time of the hearing) be provided separate beds and that neither of them sleep in the same bed with appellant (their father). The present record lacks an adequate evidentiary predicate as to the necessity of such restrictions, and appellant's motion stating limited conditions for temporary visitation was not directed to, and accordingly did not stipulate, the restrictions imposed by the final order. We note also the apparent lack of any potential evidentiary predicate for certain of the restrictions imposed, i.e., the requirement that any medication taken by appellant at such times must be prescribed by a physician licensed to practice in Duval County (thereby prohibiting treatment by an out-of-state physician), and the further requirement that no one other than appellant, his mother and sister, and the children, be present during visitation. Cf., Patrick v. Patrick, 358 So.2d 1184 (Fla. 1st DCA 1978).
The order appealed is accordingly reversed as to the entirety of the visitation *628 restrictions imposed, and otherwise affirmed. The cause is hereby remanded for such further proceedings as may be warranted, which may include additional evidence and the entry of a "visitation restriction" order which is supported by evidence.
SHAW, J., concurs.
BOOTH, J., concurs in part, dissents in part.
BOOTH, Judge, concurring in part, dissenting in part:
I would affirm the judgment below in its entirety.