434 So.2d 972 (1983)
Hattie M. JOHNSON, Appellant,
v.
Jimmy Lee RICHARDSON, Appellee.
No. 82-1361.
District Court of Appeal of Florida, Fifth District.
June 23, 1983.
Rehearing Denied July 21, 1983.
Marc L. Lubet of Lubet & Woodard, P.A., Orlando, for appellant.
Charlene D. Kelley of Baldwin & Dikeou, Fern Park, for appellee.
COBB, Judge.
This is an appeal from a determination by the trial court, in a custody dispute between a natural father and a maternal grandmother, that the father had the "absolute right to custody."[1] The grandmother contends on appeal that the trial judge misconceived the applicable law by disregarding, as irrelevant, the factor of the child's best interests, given a finding by the trial court that the natural father was a fit parent. That the judge thought he could not consider the child's best interests once he determined the father was fit is apparent from the following colloquy, which occurred during hearing on the grandmother's motion for rehearing:
THE COURT: Any other new evidence that you would ask the court to consider?
GRANDMOTHER'S COUNSEL: We have none other, Your Honor. Just Mrs. Johnson does have information he's building, that being Jimmy Lee Richardson, on a canal. And a canal bothers her for the safety of the child, and that concerns her.
THE COURT: I tell you what, I have a great sympathy for (the grandmother) but I think the law is to the effect the father is entitled to the custody of the child.
* * * * * *
THE COURT: Well, like I said earlier, I sympathize with you, but I think the law is to the effect the father is entitled to the custody of the child.

*973 MRS. JOHNSON: Well 
GRANDMOTHER'S COUNSEL: With the court's holding upon review of the evidence and testimony taken and the law, precedent set up by the law preference set by the law, it's in the best interest of the child he be with the father?
THE COURT: I don't think it's a question of whether it's in the best interest of the child or not, but I think the law is to the effect that under these circumstances the father has the absolute right to custody over the grandmother, unless the child has been abused, abandoned, neglected, or something of that kind and there is no evidence that is the case.
Thereafter, the grandmother pleaded with the judge to change his mind and he stated:
THE COURT: Perhaps you can get the appellate court to change the law, but as I understand the law as it is now the father's entitled to the custody of the child.
There has been disharmony and uncertainty among the appellate courts of Florida in regard to the issue presented by the instant appeal: Can a fit parent lose custody because of "the best interests" of the child? In the recent case of In Re: The Guardianship of D.A. McW., 429 So.2d 699 (Fla. 4th DCA 1983), the Fourth District, in a comprehensive opinion by Judge Anstead, analyzed this problem. Therein a maternal grandmother was awarded custody by the trial court of a child born out of wedlock (as was the child in the instant case) as against the natural father. Although each party disputed the fitness of the other, the trial court found that both the natural father and the grandmother were fit persons to care for the child. However, on the grounds that the interests of the child would be better served, the trial court awarded custody (and guardianship) to the grandmother with liberal rights of visitation to the father. The opinion set out the rule in such cases:
[W]hen the contest is between a parent and someone else, the rights of the parent as well as the welfare of the child must be considered. State ex rel. Sparks v. Reeves, 97 So.2d 18 (Fla. 1957). In such cases, the parent's natural right to custody must give way only when the child's welfare requires it or the parent is in some way disabled. In Reeves, for instance, the supreme court approved the temporary grant of custody to the grandparents based upon the father's temporary inability to care for the children after the mother's death, but cautioned that the father would be entitled to custody once the disability was removed.
Florida courts subscribe to the theory that a parent has a natural right to enjoy the custody, fellowship and companionship of his offspring:
While according to the trial judge a broad judicial discretion in the matter we nevertheless cannot lose sight of the basic proposition that a parent has a natural God-given legal right to enjoy the custody, fellowship and companionship of his offspring. State ex rel. Weaver v. Hamans, 118 Fla. 230, 159 So. 31. This is a rule older than the common law itself and one which had its inception when Adam and Eve gave birth to Cain in the Garden of Eden. Gen. 4:1. In cases such as this one the only limitation on this rule of parental privilege is that as between the parent and the child the ultimate welfare of the child itself must be controlling.

State ex rel. Sparks v. Reeves, 97 So.2d at 20. Also see In re Vermeulen's Petition, 114 So.2d 192 (Fla. 1st DCA 1959); In re Adoption of Noble, 349 So.2d 1215 (Fla. 4th DCA 1977); Behn v. Timmons, 345 So.2d 388 (Fla. 1st DCA 1977). Implicit in the holding in Sparks v. Reeves is a determination that custody cannot be denied to a natural parent, absent some disability on his part... . (Emphasis in original.)
429 So.2d at 702.
The Fourth District's holding in the D.A. McW. case was that McWhite, the natural father, could be denied custody only upon a demonstration that he was disabled from exercising custody or that such custody *974 would, in fact, be detrimental to the welfare of the child. Finding no evidence in the record that the child's welfare would be endangered by McWhite's custody, the appellate court reversed. In doing so, the Fourth District relied heavily on Sparks, a 1957 Florida Supreme Court case.
Sparks involved a custody fight between a natural father and maternal grandparents. In discussing the weight to be given to the factor of the welfare, or best interests, of the child in such a conflict, the Supreme Court noted that once the evidence establishes that:
[T]he father's ability reaches adequacy, his legal right should not be overcome by the fact that the (grandparents') offerings may be more adequate than his, or that they may continually out-do him, at least in material matters.
97 So.2d at 21.
Applying these principles to the instant case, it is apparent that the trial court found from the record that the natural father, Jimmy Lee Richardson, had demonstrated adequate ability to care for his minor child and there was evidence to support this finding. In point of fact, the appellant does not argue on appeal that Richardson was proved to be an unfit or inadequate parent. Accordingly, the judgment below is
AFFIRMED.
ORFINGER, C.J., and FRANK D. UPCHURCH, Jr., J., concur.
NOTES
[1] The natural mother, with whom the child lived, died.