455 So.2d 1156 (1984)
John SHAW, Appellant,
v.
Beth SHAW, Appellee.
No. 84-508.
District Court of Appeal of Florida, Fifth District.
September 20, 1984.
*1157 James L. Rose of Becks, Becks & Wickersham, Daytona Beach, for appellant.
Jerry Weiner, Columbus, Ohio, for appellee.
COWART, Judge.
This case involves due process in a hearing to modify a child custody award.
The 1980 Florida final judgment of dissolution in this case gave custody of the two children of the parties to the mother. After a proper notice and hearing, the trial judge found a substantial material change of circumstances and by order dated February 10, 1984, granted the husband's petition for modification of custody and ordered the mother's father and stepmother (maternal grandparents), who had actual custody of the children in Ohio, to deliver the children to the father who was thereby awarded temporary custody. On February 20, 1984, the maternal grandparents filed a "Motion to Interplead and Motion to Reconsider" the custody order of February 10, 1984, alleging that order was not in the best interest of the children and requesting that the maternal grandparents be given custody of the children. At a hearing on the same day this motion was filed, the trial judge first stated that a full-scale, full-blown hearing was necessary and that he did not have time to hear it that day. However, the trial judge then talked to the two children privately in an unreported conference after which the court summarily set aside the custody order of February 10, 1984, awarded the temporary custody of the two children to the grandparents and denied the father an opportunity to present any further evidence at that time or later. An order declaring the custody order of February 10, 1984, null and void and granting temporary custody of the children to the grandparents was entered February 29, 1984, and is the subject of this appeal by the father.
The order of February 29, 1984, was entered in violation of the father's basic constitutional due process rights to notice and opportunity to be heard and it is hereby reversed and set aside and the order of February 10, 1984, is reinstated. Due process applies to hearings to modify custody awards such as those in this case, see Connors v. Connors, 327 So.2d 877 (Fla. 2d DCA 1976), although the two orders in this case related to temporary custody. The trial judge indicated that by temporary custody he was referring to "a year or two." Because the order of February 10, 1984, relates to temporary custody the issue as to the proper permanent custody or primary physical residence (§ 61.13(2)(b)2.a., Fla. Stat.) of the children in this case is subject to a future proper full evidentiary hearing.[1]
REVERSED.
COBB, C.J., and SHARP, J., concur.
NOTES
[1] At any future consideration for a change in the children's custody in which the grandparents are contending parties, the applicability of the following cases should be considered: Gorman v. Gorman, 400 So.2d 75 (Fla. 5th DCA 1981); Johnson v. Richardson, 434 So.2d 972 (Fla. 5th DCA 1983); Pape v. Pape, 444 So.2d 1058 (Fla. 1st DCA 1984); Jayne v. Dennison, 284 So.2d 237 (Fla. 2d DCA 1973), cert. denied, 293 So.2d 713 (Fla. 1974).