456 So.2d 1331 (1984)
Barbara Jane WALKER-SEAMAN, F/K/a Barbara Jane Walker-Garwood, Appellant,
v.
Thomas Chason GARWOOD, Jr., Appellee.
No. 83-1487.
District Court of Appeal of Florida, Fifth District.
October 11, 1984.
*1332 Meridith J. Cohen, Meredith J. Cohen, P.A., Orlando, for appellant.
Michael Sigman, Law Offices of Michael Sigman, P.A., Orlando, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Barbara Walker-Seaman appeals from an order modifying a final judgment of dissolution changing custody of the parties' three minor children from the mother to the father, Thomas Garwood, Jr. The court found that there had been a substantial change in circumstances and a resultant change in the needs of the minor children and therefore it was necessary and appropriate that the primary residential custody be awarded to Garwood.
The substantial and material change in circumstances is not apparent from the record. Pursuant to stipulation of the parties, the interview of the children had been conducted by the trial judge in camera; the parties, counsel, and the court reporter were not present. We and the parties may only speculate as to what the children related to the trial judge. Since they are the only witnesses other than the parties and their respective spouses as to the true conditions within the homes of their parents, their observations and preferences are of great interest to the trial judge. Should this unrecorded testimony be revealing to the trial judge in the face of the conflicting testimony of the parties, it could easily and understandably be persuasive in the court's decision.
We can appreciate the reasons why the parties may elect to follow this procedure. Tactically it may be very effective because a parent is giving a child the opportunity to speak with candor and in confidence; however, the candid admissions of an articulate child can be especially damaging if adverse to the hopes of one parent.
We are always reluctant to interfere with the broad discretion of a trial court in child custody matters, Kershner v. Crocker, 400 So.2d 126 (Fla. 5th DCA 1981), but in instances such as this where some of the most compelling testimony is received, by stipulation of the parties, behind closed doors, we are, for almost all purposes, prevented from concluding that the trial court had no basis for its decision. The absence of this crucial part of the trial, coupled with the presumption of correctness of rulings of the trial court, dictate an affirmance. See Wright v. Wright, 431 So.2d 177 (Fla. 5th DCA 1983).
AFFIRMED.
COBB, C.J., and COWART, J., concur.