482 So.2d 588 (1986)
Kenneth M. JOHNSON, Appellant,
v.
Mavis W. HENCK, Appellee.
No. BI-180.
District Court of Appeal of Florida, First District.
February 7, 1986.
Albert H. Mickler, Jacksonville, for appellant.
*589 Lacy Mahon, Jr., of Lacy Mahon, Jr. and Mark H. Mahon, P.A., Jacksonville, for appellee.
PER CURIAM.
This is an interlocutory appeal seeking review of a non-final order which terminates Appellant/father's visitation with his minor child in the custody of Appellee/mother and which orders both parties to undergo psychiatric evaluation. Appellant is also enjoined from bothering, harassing or interfering with Appellee or the child. This order was entered following a hearing held July 23, 1985 on two motions, one filed by Appellant, the other filed by Appellee. Appellant's "Motion for Modification" sought increased visitation with the minor child and contained a "Notice of Hearing" for July 23, 1985. Appellee's "Counter Petition for Modification of Temporary Order" requested that Appellant's visitation rights be terminated and that he be ordered to submit to psychiatric evaluation. Appellee's counter petition was filed only a few days before the July 23 hearing date and included no notice of hearing. No other notice of hearing was provided orally or in writing. Nevertheless, the court heard and considered both motions and entered the order appealed which essentially grants the relief requested by Appellee's motion.
Because Appellee's motion was not noticed, we reverse the order terminating visitation and directing psychiatric evaluations. The case is remanded to the trial court so that it may be heard upon proper notice. Fla.R.Civ.P. 1.090(d); Edward L. Nezelek, Inc. v. Sunbeam Television Corporation, 413 So.2d 51 (Fla. 3d DCA) pet. for rev. den., 424 So.2d 763 (Fla. 1982); Devoe & Raynolds Company, Inc. v. KDS Paint Company, Inc., 382 So.2d 126 (Fla. 4th DCA 1980).
The denial of Appellant's motion for increased visitation has not been complained of, so the order is affirmed in this respect. We are unable to reach the remaining two points on appeal because they were not noticed. Also, the July 23 hearing was unreported and we could not address the merits of the resulting order even if proper notice had been given.
AFFIRMED in part, REVERSED and REMANDED in part.
THOMPSON, ZEHMER and BARFIELD, JJ., concur.