546 So.2d 123 (1989)
Martin W. NOWAK, Appellant,
v.
Donna C. NOWAK, n/k/a Donna C. Fugelstad, Appellee.
No. 88-2360.
District Court of Appeal of Florida, First District.
July 13, 1989.
*124 Albert H. Mickler, Jacksonville, for appellant.
Donald W. Matthews of Matthews, Black & Stone, P.A., Jacksonville, for appellee.
BOOTH, Judge.
This cause is before us on appeal from an order granting a mother's motion for modification of visitation and denying a father's motion for contempt. In his order, the trial judge stated:
The Court hearing the testimony of the parties, and the child's psychological therapist, Berlin Jones, and speaking to the child in private without the parties or counsel present, and considering the evidence, it is hereby
ORDERED AND ADJUDGED as follows:
1. The Husband's motion for contempt is denied.
2. The Wife's motion for the limitation of visitation is granted, and the father henceforth shall have no right to visitation with the minor child, MARTIN R. NOWAK.
The order makes no findings of fact nor does it show the necessity for a modification of visitation rights. The record suggests that the judge relied primarily upon his unrecorded in camera interview with the child in terminating visitation, rather than on record evidence.
Due process considerations require the party seeking modification of visitation demonstrate by record evidence that there has been a material change in circumstances and modification is required to protect the child's best interests. See French v. French, 452 So.2d 647 (Fla. 4th DCA 1984); Gavronsky v. Gavronsky, 403 So.2d 627 (Fla. 1st DCA 1981); Teta v. Teta, 297 So.2d 642 (Fla. 1st DCA 1974). In Shaw v. Shaw, 455 So.2d 1156 (Fla. 5th DCA 1984), the court reversed the trial court's order summarily setting aside a previous order awarding the father custody after denying the father the opportunity to present any further evidence and holding a private, unreported conference with the children.
We distinguish Walker-Seaman v. Garwood, 456 So.2d 1331 (Fla. 5th DCA 1984), wherein parties stipulated to an unrecorded in camera interview that formed the basis for modification of custody.[1] The parties herein did not stipulate to the interview but, rather, objected to the absence of counsel or a court reporter and the court's refusal to provide an appraisal of the interview.
The record does not establish the necessary predicate for modification of visitation, and the cause must be remanded on that basis. See French v. French and Gavronsky v. Gavronsky, supra. We have *125 considered the other points on appeal and hold them to be without merit. Accordingly, this cause is remanded for such further proceedings as may be warranted, which may include the taking of additional evidence and the entry of a "visitation restriction" order which is supported by the evidence.
WIGGINTON and BARFIELD, JJ., concur.
NOTES
[1] Rule 8.620, Florida Rules of Juvenile Procedure, provides that the court shall assure that in camera proceedings with a child outside the presence of other parties are recorded unless otherwise stipulated by the parties.