WENTWORTH, Judge.
Appellant seeks review of an order which modifies an earlier order with respect to residence of two of her minor children, and which gives primary residential responsibility to her former husband. We affirm.
The record indicates that the trial court conducted an in camera interview with one or both of the minor children, outside the presence of counsel, for the purpose of hearing their expressed preferences with respect to their living arrangements. Although a court reporter was present, no transcript of the interview was provided pursuant to appellant’s designations. The content of the in camera proceeding was therefore not available to the parties, and is not part of the record on appeal. The record does supply indirect evidence of the children’s reported preferences through the testimony of appellant, appellee, and appel-lee’s second wife.
The order states specifically that the court’s decision to modify the provision of an earlier order with respect to the children’s residence was made “without reference to their opinion.” There is, in addition, competent substantial evidence in the record to support the modification as in the best interests of the children. Even assuming, without deciding, that appellant had and preserved a right to a transcription of the in camera interview, any error was harmless. Cf. Nowak v. Nowak, 546 So.2d 123, 124 (Fla. 1st DCA 1989), where this court, in reviewing a modification of visitation, remanded the cause because the record did not establish the necessary predicate for modification and the record suggested that the judge relied “primarily *223 upon his unrecorded in camera interview with the child.”
The order is affirmed.
ERVIN and BARFIELD, JJ., concur.