631 So.2d 386 (1994)
Nancy BRANCH, Appellant,
v.
Tom BRANCH, Appellee.
Nos. 93-2700, 93-2759.
District Court of Appeal of Florida, Fourth District.
February 15, 1994.
Mitchell B. Luber of Mitchell B. Luber, P.A., Fort Lauderdale, for appellant.
Audrey R. Pasin of Audrey R. Pasin, P.A., Coral Springs, for appellee.
PER CURIAM.
The wife appeals two trial court orders regarding temporary child custody. We reverse the second order awarding the husband sole parental responsibility, because of the trial court's failure to make findings on the record or in the order that shared parental responsibility would be detrimental to the children.
In the first order, the trial court awarded the husband "residential custody" of *387 the three children and awarded the wife exclusive possession of the marital residence. Both parties had alleged acts of violence by the other. The second order, entered one week later after a hearing on the husband's motion for exclusive possession, denied his request for exclusive possession, allowed the husband back in the house with the three minor children, and restricted the wife to sleep in and occupy one specific bedroom. At the same time, the wife's visitation with the children was limited to a specified schedule which included two hours every Wednesday and alternating weekends. The parties were also enjoined from acts of violence against each other and to refrain from disparaging remarks. The order further provided that the husband "shall have sole parental responsibility" of the children. The husband had requested exclusive possession of the marital residence, but had not requested sole parental responsibility.
Based on the record before us, we reject the wife's argument that there was no evidence to support an order awarding the husband sole parental responsibility. There was evidence of acts of violence against the husband, as well as other acts of misconduct on the part of the wife. However, the majority of this testimony was introduced at the first hearing, after which the court awarded the husband primary residential custody, but not sole parental responsibility. We also reject the wife's argument that the trial court erred in conducting an in-camera interview of the parties' 17 year old child without a court reporter transcribing it. The parties agreed to an in-camera interview, and the wife did not object to the absence of a transcript. Neither side requested an appraisal of the in-camera interview by the court. Therefore, the wife's reliance on Nowak v. Nowak, 546 So.2d 123 (Fla. 1st DCA 1989) is unwarranted. See Walker-Seaman v. Garwood, 456 So.2d 1331 (Fla. 5th DCA 1984).
Nevertheless, we reverse the second order because the trial court failed to make a finding either orally or in writing that shared parental responsibility would be detrimental to the children. See Lovelady v. Lovelady, 576 So.2d 946 (Fla. 2d DCA 1991). Compare Murphy v. Murphy, 621 So.2d 455 (Fla. 4th DCA 1992). At the hearing, the court even appeared reluctant to make such a finding. The absence of a finding troubles us in this case, especially in light of the apparent inconsistency of awarding the husband sole parental responsibility while allowing the entire family to share a single dwelling. If shared parental responsibility is detrimental to the children, how is the wife to dwell in the house in close proximity to the children, but only be allowed to "visit" them for two hours on Wednesdays and on alternate weekends?
Accordingly, we affirm the trial court's order of August 5, 1993 and reverse the trial court's order of August 12, 1993. We remand for consideration of whether shared parental responsibility, or alternatively shared residency, would be detrimental to the children and for further proceedings consistent with this opinion. This determination can be made at the time of the presently scheduled February 22, 1994 hearing. Rehearing will not be entertained in order to expedite this cause. The mandate is issued simultaneously with this opinion.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
WARNER, PARIENTE and STEVENSON, JJ., concur.