FLETCHER, Judge.
A mother appeals an order awarding temporary custody of her child not of the marriage and a child of the marriage to her husband, as well as awarding him exclusive possession of the marital home. For the reasons stated below, we reverse.
When the parties became married to each other the wife brought to the relationship three daughters from a previous marriage, one of whom, Irma, was still a minor. Subsequently, the parties had a child, Angela, born of the marriage. Irma was not adopted by the husband. Ultimately, the parties found themselves in a marital dissolution and child custody contest, in which the general master assigned to the case recommended that custody of both Angela and Irma be awarded to the husband. The general master concluded that awarding custody of Irma to the husband, even though he was neither the natural nor adoptive father of Irma, would be in the child’s best interest “because of the bonding already existing between the Husband and Irma; and because of the dysfunctional relationship between Irma and the Wife.” Neither the general master nor the trial court concluded that the existing conflict rendered the wife unfit as a parent. (Interim Report of General Master at 1-2). The trial court ratified and adopted the findings and recommendations of the general master, adding only that it was not making a permanent custody determination regarding Irma at the time but merely determining her temporary place of residence.
It is well settled that a parent has a legal right to enjoy the custody and companionship of her or his minor children, unless clear and convincing evidence shows that such custody will be detrimental to the child’s welfare. In re Guardianship of D.A.McW., 460 So.2d 368 (Fla.1984); State ex rel. Sparks v. Reeves, 97 So.2d 18 (Fla.1957); Calle v. Calle, 625 So.2d 988 (Fla. 3d DCA 1993); Webb v. Webb, 546 So.2d 1062 (Fla. 3d DCA), rev. denied, 553 So.2d 1168 (Fla.1989); Alderman v. Alderman, 484 So.2d 1385 (Fla. 1st DCA 1986); Johnson v. Richardson, 434 So.2d 972 (Fla. 5th DCA 1983). The evidence presented in this case falls short of the required dear and convincing showing of detriment to Irma. We, therefore, reverse the order below, with di *1328 reetions to return immediate custody of Irma to the wife,[1] and for expedited reconsideration of the custody of Angela and possession of the marital home in light of the change in Irma’s custody. If possible, an expedited final hearing should be held in the cause.

. This order is effective immediately, without regard to the filing or disposition of any motion for rehearing.