787 So.2d 215 (2001)
David ALLEN, Appellant,
v.
Wendy ALLEN, Appellee.
No. 5D00-1237.
District Court of Appeal of Florida, Fifth District.
May 18, 2001.
Rehearing Denied June 21, 2001.
*216 Barbara Nolte and John Y. Benford of Giles & Robinson, P.A., Orlando, for Appellant.
Wendy Stein Allen, Lake Mary, pro se.
THOMPSON, C.J.
David Allen ("former husband") timely appeals the trial court's Final Judgment of Modification of an earlier final judgment in a dissolution proceeding. We reverse.
Former husband and Wendy Allen ("former wife") have been divorced since February 26, 1996, when the original final judgment of dissolution was entered. The former husband and former wife were married on August 26, 1978, and their marriage produced three children: a daughter born in 1983, and two sons, born in 1987 and 1988. The custody arrangement in the original final judgment reads:
The children should be given time in both households on a schedule that allows for one week uninterrupted with each parent. Each parent should be designated as primary residential parent when the children are in their care.
The final judgment imputed income to the former wife of $25,000.00 and found that the former husband would continue to earn $65,000.00 per year. Based on a 65-35 child support ratio, the former husband owed a child support award of $407.19 per month to the former wife.
Approximately two years after the entry of the final judgment, the former husband alleged that there had been a substantial change in circumstances necessitating a change in primary parental and residential responsibility. Moreover, the former husband asked that the trial court order the former wife to pay him reasonable child support. The substantial change in circumstances was premised on the wife's relapse in alcohol use.
In July 1996, the former husband arrived at his wife's home to find her drunk and attempting to drive with two of their children in her auto. The former husband blocked the wife's auto with his van, and the two children got into his van. After behaving erratically and breaking door handles and an antenna off the van, the former wife called the police, alleging that the former husband had physically abused her. The police officer recognized that to be a lie. A more serious alcohol abuse episode took place in September 1998. The former wife picked up her daughter and her daughter's friends at a mall in Orlando. After a short time in the auto, the daughter realized her mother was drunk and convinced her to pull over and stop the auto. According to the police report arising from this incident, it was obvious that the former wife was intoxicated and impaired. The former wife acknowledged at the scene that she had been drinking. The officer who arrived on this scene testified for the former husband and corroborated the events as described by the former *217 husband and the daughter. Based on these episodes and other instances of alcohol abuse recounted by their daughter, the former husband asked the court for full custody. He also asked the trial court to order supervised visitation for the former wife with the children.
The former wife testified on her own behalf, explaining that she was an alcoholic but had stopped drinking since the September 1998 incident. She had attended "some A.A. meetings" but was not familiar with the twelve steps in that program. She represented herself below and did not present any other testimony or evidence.
The trial court modified custody, making the former husband the custodial and primary residential parent. The trial court did not order supervised visitation, instead allowing alternate weekend and Wednesday evening visitation with the former wife. The trial court merely conditioned visitation on the former wife's not drinking during visitation and for the 24 hours preceding visitation. As to child support, however, the trial court refused to impute any income to the mother, and instead ordered the former husband to pay her $400.00 a month for the brief periods of time when she had visitation.
"Trial courts are granted a great deal of deference in child custody matters because they are able to see and judge the witnesses much better than an appellate court." Schweinberg v. Click, 627 So.2d 548, 552 (Fla. 5th DCA 1993)(citing Kershner v. Crocker, 400 So.2d 126 (Fla. 5th DCA 1981)). However, it is also well-settled that:
While the denial or restriction of visitation rights is generally disfavored, see Yandell v. Yandell, 39 So.2d 554 (Fla. 1949), it is within the court's discretion to restrict or limit visitation as may be necessary to protect the welfare of the child.
Gavronsky v. Gavronsky, 403 So.2d 627 (Fla. 1st DCA 1981)(citing Adams v. Adams, 376 So.2d 1204 (Fla. 3d DCA 1979); Hechler v. Hechler, 351 So.2d 1122 (Fla. 3d DCA 1977)). Although we recognize that the restriction of visitation rights is generally disfavored, in this case we believe the trial court abused its discretion by not ordering supervised visitation. In the face of evidence that the former wife had endangered her children and other people's children in the recent past, the trial court ordered the former wife to not drink alcohol when her unsupervised visitation took place. The former wife is an admitted alcoholic, who by her own account is not doing much to try and control the problem. No reasonable person would subject these children to this risk, without more evidence of rehabilitation. The trial court appeared to recognize this, noting that attending a program like Alcoholics Anonymous requires more than just attending occasional meetings. As the court said: "[t]o merely come into court and say, `I don't drink anymore,' with a history of drinking, doesn't really cut it, because most alcoholics will tell you the day after they had their last drink, they don't drink anymore." The order on appeal is reversed and the trial court is instructed to order supervised visitation for the former wife; visitation should remain supervised until the former wife has adequately demonstrated continuing control over her alcohol problem, with a continuing program of rehabilitation in place.
The next issue on appeal is the awarding of $400.00 in child support to the former wife where she no longer had custody of the children. Prior to the custody modification, the former wife was receiving $407.00 a month in child support, and she explained below that she was using that amount as a living expense. In effect, the trial court was awarding the former wife *218 alimony under the guise of a child support award. Moreover, the trial court did not look to the child support guidelines in fashioning that amount. That was also an abuse of discretion. We do not, however, find that the trial court abused its discretion in refusing to impute income to the former wife on these facts. See § 61.30(2)(b), Fla.Stat. (1999).
Accordingly, the order on appeal is reversed with instructions to order supervised visitation for the former wife and to revisit the issue of child support to the mother, if any is appropriate, by applying the child support guidelines.
REVERSED and REMANDED.
COBB and PLEUS, JJ., concur.