881 So.2d 717 (2004)
Kylie C. DOYLE, Appellant,
v.
Jason Leigh OWENS, Appellee.
No. 1D03-5266.
District Court of Appeal of Florida, First District.
September 15, 2004.
*718 E. Jane Brehany, Pensacola, for Appellant.
Caryn A. Van Matre, Pensacola, for Appellee.
BENTON, J.
Kylie C. Doyle appeals an order granting Jason Leigh Owens unsupervised visitation with the parties' daughter, now four years old. At issue is the effect, under section 61.13(2)(b)2, Florida Statutes (2002), of the father's third degree felony conviction involving domestic violence. We reverse and remand.
Although the order on appeal is non-final, it is reviewable under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iii) (allowing appeal of non-final orders determining "child custody in family law matters"). See § 61.503(4), Fla. Stat. (2002) ("`Child custody proceeding' means a proceeding in which legal custody, physical custody, residential care, or visitation with respect to a child is an issue."); see also McGlamry v. McGlamry, 608 So.2d 553, 554 (Fla. 4th DCA 1992) (applying Rule 9.130(a)(3)(C)(iii) to temporary order terminating visitation); Johnson v. Henck, 482 So.2d 588, 589 (Fla. 1st DCA 1986) (reviewing non-final order terminating visitation); cf. In the Interest of Temp. Custody of L.M. & T.M., 788 So.2d 1114, 1117-18 (Fla. 2d DCA 2001) (treating appeal of non-final visitation order as a petition for writ of certiorari rather than pursuant to Rule 9.130(a)(3)(C)(iii), "[a]lthough it is arguable that either approach would provide us with appellate jurisdiction").
After Mr. Owens was released from prison, an order[1] was entered authorizing him to visit the parties' daughter once a month under supervision at family visitation centers, principally in Tallahassee, where Ms. Doyle and the child reside. A superseding order allowed two such two-hour visits monthly, one in Tallahassee and one in Pensacola, and was in place when the current phase of the present paternity proceedings began.
The matter was heard below in a series of hearings. Assessing the issue before it, the trial court described the question early on not as

*719 whether or not [Mr. Owens's] visitation should remain supervised, which it certainly should at this point in time, but whether it should be supervised in the present environment or whether there should be greater latitude that is supervised at the [p]aternal grandparents' house
in Pensacola, where Mr. Owens also lives. When proceedings resumed at a subsequent hearing, however, Mr. Owens's counsel announced that he was seeking not only supervised visitation overnight  with his mother acting as supervisor  but also unsupervised, daytime visitation. Eventually, the trial court ruled, as follows:
It is clear from the evidence that the benefit of supervised visitation has been maximized and that Mr. Owens has made considerable progress in moving toward shared parental responsibility and liberal unsupervised visitation. Considering the age of the child, however, together with the limited contact which has been available to Mr. Owens as a consequence of his own behavior as well as other circumstances existing between the parties the Court finds that it is not in the best interest of [the] child at this time to advance to either shared parental responsibility or frequent unsupervised visitation.
It is therefore,
ORDERED AND ADJUDGED that:
1. For a period of eight consecutive months commencing December 1, 2003 Mr. Owens shall be entitled to unsupervised visitation with the child in Tallahassee (at such times as the child is residing there). Unless otherwise agreed to by the parties unsupervised visitation shall occur between 10:00 a.m. and 4:00 p.m. on the second and fourth Saturdays of each month....
2. Mr. Owens shall additionally be entitled to one full day and night of unsupervised visitation in Pensacola.... Unless otherwise agreed to by the parties alternating unsupervised visitation as provided for herein shall occur on the third Saturday of each alternating month commencing Saturday, December 20, 2003 and continuing on alternating months thereafter. Visitation shall commence at 10:00 a.m. Saturday morning and continue through 4:00 p.m. Sunday afternoon.
....
4. The Court finds that the presumption created by Florida Statute § 61.13(2)(b)2 is rebutted by the evidence to such extent as to allow the expanded visitation provided for herein.
The trial court thus awarded overnight, unsupervised visitation for which Mr. Owens had not asked at any of the hearings at which visitation was discussed.
Ms. Doyle's contention on appeal is that no evidence tended to rebut the statutory presumption against unsupervised visitation[2] and that, in any event, the trial court's award of unsupervised visitation failed to "make such arrangements ... as will best protect the child." § 61.13(2)(b)2, Fla. Stat. (2002). Because, she contends, section 61.13(2)(b)2 requires that the court treat Mr. Owens's prior domestic violence *720 conviction as presumptively detrimental to the child and consider his history of abuse as evidence of detriment to the child,[3] and because the evidence did not rebut the presumption that unsupervised visitation would be detrimental to the child, the trial court erred in ordering unsupervised visitation. In any event, she also contends, no evidence supports the inherently problematic view that unsupervised visitation "will best protect the child." § 61.13(2)(b) 2, Fla. Stat. (2002).
Because Mr. Owens was previously "convicted of a felony of the third degree or higher involving domestic violence, ... a rebuttable presumption of detriment to the child" arises, broadly precluding shared parental responsibilities of many kinds, and rendering him ineligible for unsupervised visitation, if the presumption is not rebutted. § 61.13(2)(b)2, Fla. Stat. (2002). Section 61.13(2)(b)2 provides:
Evidence that a parent has been convicted of a felony of the third degree or higher involving domestic violence, as defined in s. 741.28 and chapter 775, or meets the criteria of s. 39.806(1)(d), creates a rebuttable presumption of detriment to the child. If the presumption is not rebutted, shared parental responsibility, including visitation, residence of the child, and decisions made regarding the child, may not be granted to the convicted parent.
In an effort to rebut this presumption, Mr. Owens testified that he had taken anger management, parenting and CPR courses, had worked full-time, and had complied with court orders (since violating the domestic violence injunction). His testimony, like that of the family visitation center monitors he called as witnesses, also showed that supervised visitation had gone off without incident.
Even if this evidence was enough to overcome the statutory presumption that visitation would be detrimental to the child, however, it did not prove that unsupervised visitation would "best protect the child." § 61.13(2)(b)2, Fla. Stat. (2002). Section 61.13(2)(b)2 provides:
If the court determines that shared parental responsibility would be detrimental to the child, it may order sole parental responsibility and make such arrangements for visitation as will best protect the child ... from further harm.
Because the order under review necessarily determined that shared parental responsibility was detrimental to the child,[4] the *721 trial court's authority to order visitation was limited: The trial court was required to "make such arrangements for visitation as will best protect the child." § 61.13(2)(b)2, Fla. Stat. (2002).
The evidence that supervised, not unsupervised, visitation will best protect the child was clear. Both experts testified to that effect. There was no competent, substantial evidence to the contrary. Dr. Larson, the court-appointed psychiatric evaluator, recommended supervised visitation because, while he believed Mr. Owens had learned tools to control his anger if he wanted to, he believed Mr. Owens was more likely to choose to do so when he was under "watchful eyes." Angelyn Richards, the child's mental health counselor, testified that it was not in the child's best interests for Mr. Owens to have unsupervised visitation with her because, among other things, some of the child's reactive behaviors after visitation appeared to be symptomatic and traumatic. Ms. Richards recommended more visitation supervised by someone who could offer professional or unbiased monitoring.
The trial court erred in ordering unsupervised visitation with Mr. Owens. The evidence presented below failed to prove even that the unsupervised visitation that was ordered was safe and appropriate, much less that it would best protect the child from harm. No competent evidence of any substance suggested that visitation that was unsupervised would best protect the child.
Reversed and remanded.
PADOVANO and HAWKES, JJ., concur.
NOTES
[1] In the order under review, the trial court discussed this earlier order:

By order entered January 24, 2003 the Court found that the evidence presented at that time failed to rebut the statutory presumption of detriment created by F.S. § 61.13(2)(b)2 as it related to shared parental responsibility, unsupervised visitation and decisions made regarding the child's welfare and benefit. The Court further found, however, that as it related to the issue of visitation the evidence successfully rebutted the presumption of detriment to the limited extent of supervised third party visitation.
[2] Ms. Doyle has not argued on appeal that supervised visitation runs afoul of section 61.13(2)(b)2, which provides that "[i]f the presumption is not rebutted, shared parental responsibility, including visitation, residence of the child, and decisions made regarding the child, may not be granted to the convicted parent." See F.M.W. Props., Inc. v. Peoples First Fin. Sav. & Loan Ass'n, 606 So.2d 372, 377 (Fla. 1st DCA 1992) ("`It is well settled that, in order to obtain appellate review, alleged errors relied upon for reversal must be raised clearly, concisely, and separately as points on appeal.'") (quoting Singer v. Borbua, 497 So.2d 279, 281 (Fla. 3d DCA 1986)); see also Fla. R.App. P. 9.210(b)(5).
[3] While there was no allegation that the child was abused by Mr. Owens, section 61.13(2)(b)2, Florida Statutes (2002), provides:

Whether or not there is a conviction of any offense of domestic violence or child abuse or the existence of an injunction for protection against domestic violence, the court shall consider evidence of domestic violence or child abuse as evidence of detriment to the child.
See generally Fla. S. Judiciary Comm., CS for SB 1006 (1997) Staff Analysis 14 (Apr. 16, 1997) (on file with Florida State Archives) ("The bill provides that ... the court must consider evidence of domestic violence or child abuse as evidence of detriment to the child.") (codified at section 61.13(2)(b)(2.), Fla. Stat. (1997), and section 61.13(2)(b)(2.), Fla. Stat. (2002), remains substantially unchanged).
[4] In addition to finding that Mr. Owens had failed to rebut the statutory presumption against shared custody, the trial court also expressly determined in the order on appeal that shared parental responsibility was not in the best interests of the child. Section 61.13(2)(b)2 mandates: "The court shall order that the parental responsibility for a minor child be shared by both parents unless the court finds that shared parental responsibility would be detrimental to the child." § 61.13(2)(b)2, Fla. Stat. (2002) (emphasis supplied).