899 So.2d 1157 (2005)
Joseph K. VIRANT, Jr., Appellant,
v.
Cindy Lynn BUNCE, Appellee.
No. 5D04-1490.
District Court of Appeal of Florida, Fifth District.
April 1, 2005.
*1158 Robert L. Bogen, of Law Offices of Robert L. Bogen, Boca Raton, for Appellant.
Thomas P. McGarrell, of Spira, Beadle & McGarrell, P.A., Palm Bay, for Appellee.
THOMPSON, J.
Joseph K. Virant, Jr. ("former husband") appeals a non-final order temporarily suspending his visitation with his minor child. We affirm.
After a hearing on the former wife's pendente lite motion for visitation suspension, the trial court suspended the former husband's visitation rights because he received two DUI's, one which occurred while the child was in his care, and because the father was still on probation without a driver's license. We find no abuse of discretion.
Trial courts are granted a great deal of deference in child custody matters because they are able to see and judge the witnesses much better than an appellate court. Allen v. Allen, 787 So.2d 215 (Fla. 5th DCA 2001). While the denial or restriction of visitation rights is generally disfavored, it is within the court's discretion to restrict or limit visitation, as may be necessary, to protect the welfare of the child. Id. at 217.
In Allen, we held that it was an abuse of discretion for the trial court not to order supervised visitation where the former wife had an alcohol problem and had driven in a vehicle with the children while she was intoxicated. Id. at 216-217. In the instant case, the former husband argues that because in Allen, this court ordered supervised visitation on remand, his visitation rights should not have been completely suspended. However, in Allen, the former husband requested that the trial court order supervised visitation, rather than suspend visitation. Additionally, the parties resided in Florida. In the instant case, the former wife requested that supervision be temporarily suspended. The former wife and the child now reside in Minnesota, and the child would be staying with the former husband in Florida for significant lengths of time without the former wife's knowledge of what was occurring in Florida. The former husband had already failed to disclose his two DUI's and incarceration to the former wife immediately, particularly the DUI that he received while the child was in his care. The trial court determined that the former husband's testimony lacked credibility. Despite the former husband testifying that he had not drank since February 2003, after his second DUI, the trial court believed the child's maternal aunt who testified that the former husband was drinking in June 2003 when she took the child to lunch and returned the child home. We cannot say that the trial court abused its discretion.
Moreover, in the instant case, the trial court suspended only the spring break visitation and stated that it would review the status of the case and determine whether the summer visitation would be suspended. The trial court stated that it would hold another hearing concerning whether the summer visitation should be suspended. The trial court noted that it sincerely hoped that the father had completed his probation and received his driver's license by summer because if so, then the trial court intended on resuming visitation. Compare Ross v. Botha, 867 So.2d 567 (Fla. 4th DCA 2004) (reversing portion of the order in suspending visitation where the trial court required an arbitrary one-year waiting period for father to demonstrate that it was in child's best interest to *1159 resume visitation and failed to provide specific requirements or standards for father to meet to see children again).
AFFIRMED.
PLEUS and MONACO, JJ., concur.