SHEPHERD, J.
 

 In this excessively litigated, post-dissolution proceeding — in which there appears to be no limit to which the parties, now both proceeding pro se, will go to spar over issues relating to the care and upbringing of their now six-year-old son — the former husband, Mark Lawrence appeals that portion of a non-final omnibus order in which the trial court deferred ruling on a paragraph of a “Custody/Access Agreement,”
 
 [1]
 
 parceling the son’s summer days between the parents depending largely
 
 upon
 
 the
 
 former
 
 husband’s residence. The trial court reasoned — at the behest of the former wife, Donna Shuman Peyton — that the language of the operative provision was ambiguous and an evidentiary hearing, therefore, was needed on its application to the facts. That portion of the omnibus order is before us for review.
 

 As finally conceded by the former wife. — • but suspiciously not. until she filed her answer brief during the very last days of last summer — the provision is not ambiguous, and she now accepts that the former husband is entitled to have the son during the summer under “Option 2” of the Custody/Access Agreement.
 

 Although we are comfortable that non-final orders determining visitation in family law cases are reviewable under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iii) (allowing appeal of non-final orders determining “child custody in family law matters”)
 
 see also
 
 § 61.503(3) Fla. Stat. (2008) (“ ‘Child custody determination’ means a judgment, decree, or other order of a court providing for the legal custody, physical custody, residential care, or visitation with respect to a child.”);
 
 Doyle v. Owens,
 
 881 So.2d 717, 718 (Fla. 1st DCA 2004) (applying Rule 9.130(a)(3)(C)(iii) to temporary order granting visitation in pending paternity case);
 
 McGlamry v. McGlamry,
 
 608 So.2d
 
 *671
 
 553, 554 (Fla. 4th DCA 1992) (applying Rule 9.130(a)(3)(C)(iii) to temporary order terminating visitation in dissolution case);
 
 Johnson v. Henck,
 
 482 So.2d 588, 589 (Fla. 1st DCA 1986), it likely would be an extraordinary circumstance in which relief might be obtainable here on an order that defers ruling upon visitation for a short period, even if, as all parties now agree, the reason for calling an evidentiary hearing is unmeritorious.
 

 Happily for us, we are not required to consider our jurisdiction in this case because the former wife finally has agreed the provision is operable and applicable into the future so long as the former husband lives in Maryland. Unhappily for the parties’ son — who just had his sixth birthday — it has taken an unnecessarily lengthy time to resolve this embarrassingly unmer-itorious appeal. The former wife argues the former husband has refused to dismiss the appeal in a quest to support himself in a failing law practice by obtaining our consent to his motion for attorney fees.
 
 [2]
 
 We deny the former husband’s motion.
 

 We linger in this appeal and expend our limited resources on it because it is clear to us it is almost certainly the parties’ son who is suffering the most in this case.
 
 See Perez v. Perez,
 
 769 So.2d 389, 392 (Fla. 3d DCA 1999) (“Children should not be ‘played’ as if in a game of ping-pong where the parent with the greater resources to serve the greatest number of motions wins.”). The former wife, no less than the former husband, has misused the trial court.
 

 Appeal dismissed.
 

 [1]
 

 . Paragraph 14.2, Option 2, states:
 

 Husband resides outside Miami-Dade County, Broward County or Palm Beach County, Florida. Depending on the driving distance, Husband has the option of ... electing to get the minor child for the summer. Summer is defined as the period of time beginning the Friday before Memorial Day until the Sunday before Labor Day, provided that the minor child’s school schedule shall not be interfered with. Husband’s pick up from Wife and drop off to Wife shall be at Husband's expense. During summer, Wife shall have two (2) consecutive weeks to be used how Wife wants with the minor child. During the Summer, Wife shall at her expense pick up and drop of the minor child from Husband's residence. Wife shall also be entitled to additional time with the minor child with reasonable notice at the Husband’s residence so long as it does not disturb the child’s activities. Under this option, Husband gets the minor child whenever he visits Miami from out of town, except Husband’s visitation cannot interfere with Wife’s holiday weekends.
 

 [2]
 

 . The former husband recently was disbarred.
 
 See Fla. Bar v. Lawrence,
 
 6 So.3d 53 (Fla. 2009).