PER CURIAM.
 

 Diana Hickey petitions for writ of certio-rari following the trial court’s denial of her motion to temporarily halt visitation between her two children and their father, John Burlinson. Hickey alleged that Bur-linson was abusing alcohol during his visitation and, as a result, endangering the children’s safety. Hickey requested an abatement of visitation pending a determination of the extent of Burlinson’s alcohol consumption and the danger posed to the children. Along with the motion, she requested, pursuant to Florida Family Law Rule of Procedure 12.407, leave for the minor children to attend and testify at the hearing. The trial court granted the motion and instructed Hickey’s counsel to arrange a date and time for the children to testify.
 

 Hickey and the children travelled to Florida from Massachusetts for the hearing and appeared with counsel and a court reporter. Hickey objected when the trial court requested the children’s presence in chambers for their testimony, but would not allow the court reporter to be present. The trial court then asked Hickey to withdraw her rule 12.407 motion. Hickey declined, stating that without the children’s testimony there was no evidence of the alleged alcohol abuse and she could not meet her burden to provide record evidence in support of the motion. The trial court refused to conduct the interview with the court reporter present and denied the motion to abate visitation for lack of evidence.
 

 
 *829
 
 Hickey argues that the trial court denied her due process by not allowing her to present evidence supporting her claim. She also contends that “being heard” means more than the opportunity for her counsel to explain a position to the trial court. Lastly, she submits that an
 
 in camera
 
 evidentiary inquiry outside the presence of the court reporter precludes judicial review, and also denies her due process.
 

 We initially consider the issue of jurisdiction. Hickey alleges this court has jurisdiction pursuant to Article V, section 4(b)(3)
 
 [1]
 
 , of the Florida Constitution, and Florida Rule of Appellate Procedure 9.030(b)(3), which confer original jurisdiction upon district courts of appeal to issue writs of common law certiorari. We disagree because the order on appeal should be considered an appealable, non-final order.
 

 Under rule 9.130(a)(3)(C)(iii), ap-pealable non-final orders are limited to those that determine “the right to immediate monetary relief or child custody in family law matters.” (Emphasis added.) A “child custody proceeding” is defined as one in which legal custody, physical custody, residential care, or visitation with respect to a child is at issue.
 
 See
 
 § 61.503(4), Fla. Stat. (2009). Thus, we conclude an order regarding visitation is an appealable, non-final order. Our conclusion reflects the majority view.
 
 See Lawrence v. Peyton,
 
 9 So.3d 670, 670 (Fla. 3d DCA 2009) (stating, “[W]e are comfortable that non-final orders determining visitation in family law cases are reviewable under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iii).... ”);
 
 Cuartas v. Cuartas,
 
 951 So.2d 980, 981, n. 1 (Fla. 3d DCA 2007) (accepting jurisdiction pursuant to rule 9.130(a)(3)(C)(iii) of an order denying former husband’s motion for contempt and for immediate change of primary residence);
 
 Drago v. Drago,
 
 895 So.2d 529, 529 (Fla. 4th DCA 2005) (re-designating a petition for writ of certiorari concerning an order modifying visitation rights and awarding attorney’s fees as a non-final appeal under rule 9.130(a)(3)(C)(iii));
 
 Doyle v. Owens,
 
 881 So.2d 717, 718 (Fla. 1st DCA 2004) (stating that an order granting unsupervised visitation to a father was reviewable under rule 9.130(a) (3)(C)(iii));
 
 McGlamry v. McGlamry,
 
 608 So.2d 553, 554 (Fla. 4th DCA 1992) (applying rule 9.130(a)(3)(C)(iii) to temporary order terminating visitation);
 
 but see In re Temporary Custody of L.M.,
 
 788 So.2d 1114, 1117-18 (Fla. 2d DCA 2001) (treating appeal of non-final visitation order as a petition for writ of certiorari rather than an appeal pursuant to 9.130(a)(3)(C)(iii), but noting, “it is arguable that either approach would provide us with appellate jurisdiction.”).
 

 Reaching the merits, Hickey was entitled to have the children’s testimony transcribed. This is because due process requires the party seeking to modify visitation demonstrate that there has been a material change in circumstances and that modification is required to protect the child’s best interest.
 
 See Nowak v. Nowak,
 
 546 So.2d 123 (Fla. 1st DCA 1989). The only avenue for Hickey’s proof in this case is through the children’s testimony.
 

 In
 
 Nowak,
 
 the trial court terminated the father’s visitation after receiving testimony from the parties, the child’s psychological therapist and speaking to the child in private without the parties or counsel present. The record suggested that the trial court relied primarily on its unreported
 
 in
 
 
 *830
 

 camera
 
 interview with the child, rather than record evidence, in terminating visitation. Distinguishing
 
 Walker-Seaman v. Garwood,
 
 456 So.2d 1331 (Fla. 5th DCA 1984), the court concluded this was error because the parties did not stipulate to the interview and objected to the absence of counsel or a court reporter and to the trial court’s refusal to provide a recap of the interview. In
 
 Nowak,
 
 546 So.2d at 124, the court cited Florida Rule of Juvenile Procedure 8.620
 
 [2]
 
 which provides: “The court shall assure that
 
 in camera
 
 proceedings with a child outside the presence of other parties are recorded unless otherwise stipulated by the parties.”
 

 The court in
 
 Hathcock v. Hathcock,
 
 680 So.2d 564, 565 (Fla. 1st DCA 1996), relied on
 
 Nowak
 
 when it held that a request that a court reporter transcribe a child’s
 
 in camera
 
 testimony
 
 “must
 
 be honored.” (Emphasis added.)
 
 See also Shaw v. Shaw,
 
 455 So.2d 1156 (Fla. 5th DCA 1984) (reversing the trial court’s order summarily setting aside a previous order awarding the father custody after holding a private, unreported conference with the children and denying the father the opportunity to present any further evidence);
 
 Branch v. Branch,
 
 631 So.2d 386 (Fla. 4th DCA 1994) (rejecting the argument that holding an unreported
 
 in camera
 
 interview of the parties’ seventeen-year-old child in custody proceedings was error because the parties agreed to an
 
 in camera
 
 interview and there was no objection to the lack of a transcript).
 

 Burlinson relies on
 
 Walker-Seaman,
 
 456 So.2d at 1331, in which the mother appealed from an order modifying custody of the parties’ three minor children. By stipulation, the trial judge conducted an
 
 in camera
 
 interview of the children without the parties, counsel, or the court reporter. This court affirmed the trial court’s decision stating:
 

 We can appreciate the reasons why the parties may elect to follow this procedure. Tactically it may be very effective because a parent is giving a child the opportunity to speak with candor and in confidence; however, the candid admissions of an articulate child can be especially damaging if adverse to the hopes of one parent.
 

 We are always reluctant to interfere with the broad discretion of a trial court in child custody matters,
 
 Kershner v. Crocker,
 
 400 So.2d 126 (Fla. 5th DCA 1981), but in instances such as this where some of the most compelling testimony is received, by stipulation of the parties, behind closed doors, we are, for almost all purposes, prevented from concluding that the trial court had no basis for its decision. The absence of this crucial part of the trial, coupled with the presumption of correctness of rulings of the trial court, dictate an affirmance.
 
 See Wright v. Wright,
 
 431 So.2d 177 (Fla. 5th DCA 1983).
 

 Walker-Seaman
 
 is distinguishable because, like
 
 Branch,
 
 the parties stipulated to the interview without a court reporter. Moreover, the holding in
 
 Walker-Seaman
 
 supports Hickey’s argument that without a record, the appellate court is foreclosed from reviewing the trial court’s determination.
 

 We also reject Burlinson’s argument that Hickey conceded to the interview being conducted without a court reporter because her motion did not specifically request the children’s testimony be transcribed if taken
 
 in camera.
 
 Neither the family law rules, nor the rules of civil procedure require a party
 
 *831
 
 to request the testimony be transcribed in a motion to allow children to testily. Hickey preserved her right by objecting immediately when the trial court attempted to interview the children without the court reporter and by refusing to accede to the trial court’s demand that she withdraw her motion.
 

 We do not question the motives of the trial court. Judges in domestic cases often struggle mightily to foreclose parents from placing children in the midst of marital strife. The children of divorcing or divorced parents experience enough psychological trauma without the parents exacerbating the situation. Trial courts are given great leeway to minimize the involvement of children in these circumstances. The children in this case were older and this, no doubt, factored into the trial court’s decision to allow their attendance and testimony. Having granted the motion to allow the testimony of the children, the trial court erred in not allowing the recording of the children’s
 
 in camera
 
 testimony.
 

 Accordingly, we remand this case for an evidentiary hearing where, absent agreement to the contrary, the children’s testimony shall be taken in the presence of a court reporter.
 

 REVERSED and REMANDED.
 

 GRIFFIN, EVANDER and COHEN, JJ., concur.
 

 [1]
 

 . Petitioner erroneously cited Article V, section 4(b)(1), of the Florida Constitution as conferring original jurisdiction on the district courts of appeal to issue writs of certiorari.
 

 [2]
 

 . The court’s citation was incorrect. The correct rule was Florida Rule of Juvenile Procedure 8.610(b), which has since been renumbered to 8.625.