ROTHENBERG, J.
Mona Kamal AbouElSeoud (“Mother”) appeals the trial court’s Interim Order Granting Former Husband’s Supplemental Petition to Establish Parental Responsibility, Visitation, and Parenting Plan/Time Sharing Schedule, etc. (“Interim Order”), which gave Hesham Roshdy ElBadrawi (“Father”) visitation rights to see the parties’ minor child. Because this order grants the Father visitation rights, we have jurisdiction. See Fla. R.App. P. 9.130(a)(3)(c)(iii) (granting appellate jurisdiction over non-final orders that determine “the right to immediate monetary relief or child custody in family law matters”); § 61.503(4), Fla. Stat. (2012) (defining a “child custody determination” as any order “providing for the legal custody, physical custody, residential care, or visitation with respect to a child”) (emphasis added); Hickey v. Burlinson, 33 So.3d 827, 829 (Fla. 5th DCA 2010).
The Mother raises several arguments in her brief, the majority of which relate to the trial court’s jurisdiction over the Mother, and all of which have no merit. The record reflects that the Mother appeared many times before the trial court, both in person and through counsel, and a return of service stating that the mother had been served in this action was filed with the trial court on September 8, 2009. Therefore, the trial court clearly had jurisdiction over the Mother at all times in the lower court proceedings. See Emmer v. Brucato, 813 So.2d 264, 266 (Fla. 5th DCA 2002) (holding that “a return of service, which is regular on its face, is presumed valid unless clear and convincing evidence is presented to the contrary”).
The Mother’s remaining arguments regarding the trial court’s rulings likewise are without merit. The record reflects that the Mother failed to appear at the hearing on the Father’s Supplemental Petition despite clear notice to the Mother that the hearing would resolve the Father’s Supplemental Petition, including child custody and visitation, as well as all pending motions. When the Mother failed to file a responsive pleading or to attend the scheduled hearing or to otherwise contest the Supplemental Petition, she waived her objections to the relief requested and *1080 failed to preserve any objections she may have had.
Affirmed.