# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D23-446
LT Case No. 2013-DR-002635-FM

———————————————

JACQUELINE VARNER,

    Petitioner,

    v.

BRIAN VARNER,

    Respondent.

———————————————


Petition for Certiorari Review of Order from the
Circuit Court for Duval County.
Suzanne Bass, Judge.

Jason Brian Phillips, of J. Brian Phillips, P.A., Orlando, for
Petitioner.

Beth M. Terry, of Law Office of B.M. Terry, P.A., Jacksonville, for
Respondent.

October 6, 2023


PER CURIAM.

    Former Wife petitions this Court for a writ of certiorari
seeking to quash the trial court's order regarding child visitation
dated November 14, 2022. Former Wife alleges this court has
jurisdiction pursuant to article V, section 4(b)(3), of the Florida
Constitution, and Florida Rule of Appellate Procedure 9.030(b)(3),

which confer original jurisdiction upon district courts of appeal to issue writs of common law certiorari. However, nonfinal orders that determine "the rights or obligations of a party regarding child custody or time-sharing under a parenting plan" are appealable under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iii)b. "A 'child custody proceeding' is defined as one in which legal custody, physical custody, residential care, or visitation with respect to a child is at issue." *Hickey v. Burlinson,* 33 So. 3d 827, 829 (Fla 5th DCA 2010) (citing § 61.503(4), Fla. Stat. (2009)). Therefore, an order regarding child visitation is an appealable, nonfinal order. *Id.* As a result, we treat this matter as an appeal of a nonfinal order rather than a petition for writ of certiorari and affirm on all issues without further discussion.[1]

AFFIRMED.

LAMBERT, BOATWRIGHT, and PRATT, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

---

[1] *See* Fla. R. App. P. 9.040(c) ("If a party seeks an improper remedy, the cause shall be treated as if the proper remedy had been sought . . . .").